## PORTER v. PRENTICE et al.
### No. 9005.

Circuit Court of Appeals, Seventh Circuit.
June 25, 1946.

968

David London and William W. Kapell, both of Washington, D. C., Amos J. Coffman and Jacob Cohen, both of Chicago, Ill., (George E. Leonard, Regional Litigation Attorney, and Isadore Kovitz, Attorney, Office of Price Administration, both of Chicago, Ill., of counsel), for appellant.

Carl Solomonson and Ralph H. Haen, both of Rockford, Ill., and George Moncharsh, Deputy Administrator for Enforcement, and Milton Klein, Director, Litigation Division, both of Washington, D. C., for appellees.

Before KERNER and MINTON, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

The administrator appeals from an order of the District Court dismissing upon the appellees' motion a complaint under the Emergency Price Control .Act of 1942, as amended by the Stabilization Act of 1942 and the Stabilization Extension Act of 1944, 56 Stat. 23, 50 U.S.C.A.Appendix, §§ 901–946; 56 Stat. 765, 50 U.S.C.A.Appendix, §§ 961–971; Public Law No. 383, 76 Cong., Second Session, 50 U.S.C.A. Appendix, §§ 901 et seq., 961 et seq.

The substance of the complaint is that the appellees engaged in the sale of intrastate transportation services as contract carriers, and in such business violated the OPA general maximum price regulation (7 FR 3153) by selling such intrastate transportation services at prices higher than the maximum prices prescribed therefor by said regulation; that the appellees violated Section 11(b) of the Regulations, as amended, by failing to keep information and records for examination during ordinary business hours, showing prices charged, customary allowances, etc., and that the defendants collected excess charges. A preliminary and final injunction against the making of excess charges, a mandatory injunction requiring the keeping of information and records, etc., and a judgment for three times · the excess charged are the items of relief prayed. The allegations of the complaint are not sufficiently definite to advise the defendants of the violations charged and could have been met by a motion to make more specific and certain. Appellees, however, moved to dismiss the complaint because it was vague, general and did not sufficiently inform them of the matters complained of so that they could proceed to trial and upon the ground that the court was without jurisdiction of the subject matter for the reason that the ·defendants were common carriers · and not contract carriers as charged in the complaint. There was attached to said motion photostatic copies of a certificate issued to defendants as local carriers under the laws of the State of Illinois.

Appellant responded to this motion that the vice of vagueness in the complaint could only be raised by motion for a more definite statement or bill of particulars under Federal Rules of Civil Procedure, rule 12(e), 28 U.S.C.A. following section 723c, and that the question as to whether or not appellees are common carriers and not contract carriers as alleged in the complaint is not a proper ground for dismissal on motion but a defense on the merits which should be appropriately pleaded by answer.

Upon the hearing of the motion the court considered evidence, both documentary and parol, offered by appellees in support of their motion, to which ob-

jection was duly made by appellant. Appellant was permitted a measure of counter proof but other material evidence offered by him was not received. This evidence bore upon the nature, method and prices charged by appellees for the carrier services they furnished locally under their certificate as a local carrier. This evidence was material upon the issue of whether or not appellees were carrying on a business of common carrier, and, therefore, exempt from the provisions of the Emergency Price Control Act, unless this issue was conclusively determined by the nature of the certificate of a local carrier issued appellees by the State of Illinois. The court sustained the motion to dismiss, finding that the defendants, by virtue of their certificate as a local carrier, were common carriers, and, therefore, exempt from OPA regulation under the Act.

 In our opinion the defense thus sought to be raised by the motion to dismiss is not one of lack of jurisdiction over the subject matter which may thus be presented under exception (1) to Federal Rule of Procedure 12(b), and for this reason the motion should have been denied. If, as contended by appellees, the form was waived by the hearing, and the motion should be considered as an answer, then appellant was entitled to be fully heard and to introduce the rejected material and competent evidence upon the factual question thereby presented.

The exemption provision of the Emergency Price Control Act is: "That nothing in this Act shall be construed to authorize the regulation of * * * (2) rates charged by any common carrier or other public utility * * *." Act of January 30, 1942, c. 26, 56 Stat. 23, 50 U.S.C.A. Appendix, § 942(c).

 No provision of the Illinois law has been indicated under which the certificate of local carriers would unconditionally brand them as common carriers or as a public utility within the exemption of the Emergency Price Control Act, as amended, upon which appellees rely. Assuming that the averment of the complaint that appellees are "contract carriers" is inferentially an averment that they are

not "common carriers" or "public utilities" exempted by Congress from price control regulation, the factual question thus presented was one of merit rather than jurisdiction. We hold that a certificate as a local carrier issued under the law of Illinois does not per se exempt appellees from operation of the Act.

We are of the view that the motion to dismiss should have been denied for the reasons indicated. The judgment is reversed and the cause remanded to the District Court with directions to vacate its order dismissing the complaint and for further proceedings consistent herewith.

Reversed and remanded.