MUSIC v. NEW YORK CENTRAL RAILROAD COMPANY.

1. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT—EVIDENCE.

  The Court of Appeals views the evidence and draws reasonable inferences therefrom in the light most favorable to the opposite party on motion for a directed verdict or judgment, hence, facts testified to by the plaintiff are accepted as true.

2. RAILROADS — AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — PROXIMATE CAUSE—EVIDENCE.

  Plaintiff motorist was properly found guilty of contributory negligence as a matter of law proximately causing his injuries when he ran into the side of the 92d car of defendant's freight train on a dark, clear, cold night, where the pavement was dry after skidding some 164 feet and bending over a standard for railroad crossbuck sign, since there was reckless driving and a failure so to drive as to be able to stop within the assured clear distance ahead (CLS 1961, §§ 257.626, 257.627).

3. SAME—SIDES OF FREIGHT CARS—LIGHTS—REFLECTORS—LUMINOUS PAINT MARKINGS.

  A railroad had no duty imposed by common law, or administrative regulation to equip the side of its freight cars with lights, reflectors, or luminous paint markings in 1962.

4. SAME—CONTRIBUTORY NEGLIGENCE—IRRELEVANT AND IMMATERIAL EVIDENCE.

  Testimony relating to pictures of railroad engines, cars, train control signals, and signs showing reflective materials, the cost thereof for use on sides of freight cars, evidence of certified copies of ICC reports as to grade crossing accidents in prior years, and of net profits of the railroad, were all immaterial and irrelevant, where trial court found plaintiff motorist's contributory negligence was the proximate cause of his injuries received in grade crossing accident.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 839, 849.
[2, 4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 361, 369; 8 Am Jur 2d, Automobiles and Highway Traffic §§ 689, 958, 1006.
Liability for motor vehicle accident where vision of driver is obscured by smoke, dust, atmospheric condition, or unclean windshield. 42 ALR2d 13.
[3] 44 Am Jur, Railroads § 519.

Appeal from Calhoun; Ryan (Ronald M.), J. Submitted Division 3 January 4, 1966, at Grand Rapids. (Docket No. 914.) Decided March 9, 1966. Leave to appeal denied by Supreme Court May 11, 1966. See 377 Mich 710.

Declaration by Franklin D. Music against New York Central Railroad Company, a Delaware corporation, for damages for injuries allegedly occurring when an automobile driven by plaintiff struck defendant's train on May 4, 1962. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Kelly, Kelly & Kelly (Phillip C. Kelly,* of counsel), for plaintiff.

*Patrick E. Hackett,* for defendant.

WATTS, P. J. This is a civil suit brought by plaintiff Franklin D. Music against the New York Central Railroad Company, a Delaware corporation, for damages arising out of personal injuries when the automobile plaintiff was driving struck a moving freight car. The court granted defendant's motion for directed verdict. Judgment was entered for the defendant, and plaintiff appeals. On May 26, 1965, a claim of appeal was filed in the Court of Appeals.

Plaintiff Music testified that he was familiar with the New York Central–18 1/2 Mile road crossing in Clarendon township, Calhoun county, and that he was cognizant of the existing conditions: a dark, clear night, cold weather, and dry pavement. Plaintiff testified that he was operating his automobile at a speed of 40–45 miles per hour with low beam lights. He did not see the defendant's freight cars until the car he was driving was approximately 100 feet from the train. He tried to stop the automobile and

turned the wheels of the car to the right. The car left the road and hit a railroad crossbuck sign and one of the defendant's freight cars. Plaintiff was seriously injured, and his automobile was damaged.

There is competent testimony that the train consisted of 3 engines, 126 freight cars, and a caboose; that the automobile driven by plaintiff hit the 92d freight car as it passed over the crossing at 18 1/2 Mile road; and that the 92d and 93d freight cars became separated in the accident.

A railroad warning sign was located approximately 300 feet south of the railroad crossing. This sign was a round, yellow disc with a cross and bearing the letters "R.R." The crossbuck sign struck by plaintiff's car was located 22 feet south of the track.

Frank Pettit, deputy sheriff of Calhoun county, testified that he observed skid marks 164 feet in length leading to the place of impact. The deputy sheriff also testified that when he arrived at the scene of the accident he observed that a piece of railroad track used as a standard for the crossbuck sign was bent to the ground.

Plaintiff Music alleges that in addition to the statutory and regulatory safety requirements for railroad companies, they have a common-law duty to equip the sides of railroad freight cars with lights, reflectors, or luminous paint markings which can be seen readily in the darkness.

It is the contention of the defendant that it has complied with all statutory and regulatory requirements, and that the railroad has used ordinary care and caution to maintain safeguards for the safety of the public.

The court ruled that the plaintiff was guilty of negligence as a matter of law and that his negligence was the proximate cause of the accident, resulting in his injuries. The court granted the defendant's

motion for a directed verdict of no cause for action and entered a judgment for the defendant.

The plaintiff requested the court to set aside the judgment for the defendant and to grant a new trial for the following reasons:

1. Rulings of the court sustaining objections of defendant to the following evidence offered by plaintiff and excluding such evidence:

(a) Pictures of railroad engines, cars, train control signals, and signs, showing the use of reflective materials thereon.

(b) Evidence of plaintiff's witness Vanderhill as to the cost to railroads of reflective products for use at the sides of freight cars, and evidence of this witness taken on a separate record.

(c) Certified copies of interstate commerce commission reports of numbers injured and numbers killed in rail-highway grade-crossing accidents in the years 1960 and 1961.

(d) Evidence on cross examination of the witness Kimbrough taken on a separate record.

(e) Evidence of net profits of defendant for the year 1964.

2. Ruling that plaintiff was guilty of negligence, which negligence was a proximate cause of plaintiff's injuries, as a matter of law.

3. Ruling that defendant was not guilty of willful and wanton misconduct and gross negligence, as a matter of law.

4. Ruling that defendant was not guilty of any negligence which was a proximate cause of plaintiff's injuries, as a matter of law.

5. Ruling that the evidence viewed in the light most favorable to plaintiff presented no question of fact as to negligence, contributory negligence, or willful or wanton misconduct, for the determination of the jury.

6. Directing the jury to return a verdict for defendant.

7. Entering judgment for defendant.

*The issues in the main are:* ·

Did the court err in ruling that the plaintiff was guilty of negligence as a matter of law and that the plaintiff's negligence was the proximate cause of the accident, resulting in his injuries?

Did the court err in granting defendant's motion for a directed verdict of no cause for action?

The record is clear and the citations extensive. The issues are well presented by counsel.

On motion for directed verdict or judgment, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the opposite party. *Fitzpatrick* v. *Ritzenheim* (1962), 367 Mich 326. Accordingly, the facts testified to by the plaintiff are accepted as true.

The record clearly indicates that plaintiff Music was operating his automobile without due circumspection, without due care and caution, and that he failed to use the same degree of care and caution an ordinarily prudent person would use under like or similar circumstances, and failed to stop the motor vehicle within the assured clear distance ahead.

It is our opinion that reasonable men would come to the same conclusion from the plaintiff's undisputed testimony. The trial court was correct in holding that the plaintiff was negligent as a matter of law and that his negligence was the proximate cause of the accident, resulting in his injuries; *i.e.,* reckless driving, CLS 1961, § 257.626 (Stat Ann 1960 Rev § 9.2326); failing to stop in assured clear distance ahead, CLS 1961, § 257.627 (Stat Ann 1960 Rev § 9.2327). See, also, *Baldinger* v. *Ann Arbor R. Co.* (1964), 372 Mich 685.

The facts in the instant case are distinguishable from the facts in the many cases cited by plaintiff. The crossing here is a clear view, open country crossing with 18 1/2 Mile road running straight

north and south and the New York Central Railroad tracks running east and west.

The plaintiff does not claim that the crossing is unusually dangerous, but does claim that the railroad breached its common-law duty in failing to equip the sides of its freight cars with lights, reflectors, or luminous paint markings. We have searched for one reported case holding that a railroad company has a common-law duty to so equip its freight cars. We have been unable to find that case.

The ICC and the subcommittee of the United States Congress have studied the advisability of recommending the installation of lights, reflectors, or luminous paint markings on freight cars without making recommendation as to proposed changes in the regulations or the existing laws. Docket #33440 (322 ICC 1, 70), entitled: Prevention of rail-highway grade-crossing accidents involving railway trains and motor vehicles.

There is no testimony to support plaintiff's contention that the railroad companies owe a common-law duty to install lights, reflectors, or luminous paint markings on the sides of freight cars.

It is our opinion that there is no such common-law duty. Furthermore, the testimony relating to pictures, testimony of witness Vanderhill, salesman of reflectors, certified copies of the ICC report entered in evidence, and evidence of net profits of defendant railroad are all immaterial and irrelevant.

Plaintiff has raised a moot question which has not been settled by judicial decisions and seeks to determine an abstract question which does not arise from the existing facts or rights. *Adams* v. *Union R. Co.*, 21 RI 134 (42 A 515, 44 LRA 273); *Smith* v. *Smith*, 209 Wis 605 (245 NW 644).

The Court has considered all plaintiff's allegations of error and find them to be without merit.

Judgment for the defendant affirmed.    Costs to the defendant.

FITZGERALD and HOLBROOK, JJ., concurred.