George McCLANAHAN, Plaintiff,

v.

William B. MATHEWS, Defendant.

No. 1390.

United States District Court
E. D. Kentucky,
Covington Division.

Dec. 4, 1968.

Royse, Zweigart & Kirk, by Charles L. Kirk, Maysville, Ky., for plaintiff.

Fox, Wood & Wood, by Woodson T. Wood. Maysville, Ky., for defendant.

MEMORANDUM AND ORDER

SWINFORD, Chief Judge.

This action arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. Plaintiff alleges in his Complaint that he was employed by defendant from October, 1957, through September, 1968, and that during this period defendant willfully failed to remit to plaintiff minimum wages and overtime pay according to the provisions of the Act. Defendant has moved to dismiss for failure to state a claim or for lack of jurisdiction and for a more definite statement.

Defendant contends that this court lacks jurisdiction because the amount in controversy does not exceed $10,000. But an action under the Fair Labor Standards Act arises under an "Act of Congress regulating commerce" and the federal district courts have jurisdiction under section 1337 of Title 28, United States Code, irrespective of the amount in controversy. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285, cert. denied 314 U.S. 681, 62 S.Ct.

181, 86 L.Ed. 544; Manosky v. Bethlehem-Hingham Shipyard, 1 Cir., 177 F.2d 529. The effect of provision of section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), that an action to recover under the Act may be maintained in any court of competent jurisdiction is to allow a suitor to proceed in federal court regardless of citizenship of litigants or amount involved or to sue in state court at his convenience. Donahue v. Susquehanna Collieries Co., 3 Cir., 138 F.2d 3, 149 A.L.R. 271. See also Goettel v. Glenn Berry Mfrs., N.D.Okl., 236 F.Supp. 884.

The case of Tittle v. General Motors Corp., D.C.Conn., 80 F.Supp. 333, cited by the defendant, is not in point. Although that action was originally brought under the Act, it was dismissed with leave to amend the Complaint, and by amendment the plaintiffs predicated jurisdiction on diversity of citizenship.

Defendant contends that this action should be dismissed for failure to state a claim upon which relief can be granted because the Complaint does not state definitely that any of the alleged underpayments occurred within three years of the commencement of this action. See 29 U.S.C. § 255. Plaintiff has subsequently filed an Amended Complaint in which he alleges that defendant willfully failed to remit to plaintiff minimum wages and overtime pay during the three years prior to commencement of this action.

■ Defendant has moved for a more definite statement, contending that it is necessary to know the amount of underpayment claimed for each year. The Complaint is not so vague and ambiguous that the defendant cannot reasonably be required to frame an answer. See Rule 12(e), Federal Rules of Civil Procedure; Walling v. Black Diamond Coal Min. Co., W.D.Ky., 59 F.Supp. 348. The Complaint gives the defendant fair notice of the nature and basis of the claim and a general indication of the type of litigation involved. A motion under Rule 12(e) cannot be used as a means of discovery.

The defendant's motions to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted are overruled.

The defendant's motion that the plaintiff be required to amend his Complaint so as to make the nature of his claim more definite is overruled.