**Helen E. GANT, Plaintiff,**

v.

**CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Defendant.**

**Civ. No. 8–2317–C–1.**

United States District Court
S. D. Iowa, C. D.

Oct. 20, 1969.

Richard L. Pinegar, Des Moines, Iowa, for plaintiff.

Frank W. Davis, Des Moines, Iowa, for defendant.

## MEMORANDUM AND ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the defendant, Chicago and Northwestern Railway Company for judgment notwithstanding the verdict. Counsel for the plaintiff, Richard Pinegar, and for the defendant, Frank Davis, presented oral arguments and filed written briefs in connection therewith.

Plaintiff, Helen E. Gant, passenger in an automobile owned and operated by her husband, Alva Gant, brought this action against the defendant Railway Company for damages she sustained as a result of a collision that occurred at defendant's crossing on December 6, 1967, at about 10:30 p. m.[1] The car in which plaintiff was riding struck defendant's caboose

1. Defendant removed this cause from the Iowa District Court upon grounds of diversity. Title 28 U.S.C. § 1441.

which was the end car of a 33-car train that had nearly completed the crossing of Ashworth Road, a blacktop road running in an east and west direction. Defendant's track crossed Ashworth Road at an approximate 45° angle at the point of the collision, which was approximately one mile west of the City of West Des Moines. Plaintiff's husband's car was traveling east and defendant's train southeasterly.

This Court reserved ruling on defendant's motion for a directed verdict made at the close of plaintiff's case and renewed at the close of all the evidence. The Court expressed doubts as to whether a jury issue was created as to defendant's negligence, but submitted the matter to the jury which returned a verdict in favor of the plaintiff and against the defendant in the amount of $22,648.18.

It is unnecessary to cite authority for the long established rule that the Court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the plaintiff. In accordance with this rule following is a summary of the facts material to the issue at hand.

The only allegation of negligence on the part of the defendant that was submitted to the jury was "that it (defendant) failed to give adequate warning of the presence of the train on the crossing, which crossing was such as to call for an additional signal such as flashing lights and a bell or gong." In this connection the Court instructed the jury that, "In this respect the defendant was not negligent in failing to provide flashing lights and a bell or gong unless the crossing was so unusually hazardous as to require such warning devices; that is, more hazardous that the ordinary railroad crossing on the streets, roads and highways of this state." (See Instruction #7, appendix A.)

The Court refused to include the allegation that defendant was negligent in failing to equip its cars with reflectors.

Music v. New York C. R. Co., 2 Mich. App. 467, 140 N.W.2d 567 (1966); Missouri-Kansas-Texas Railroad Co. v. Wagner, 400 S.W.2d 357 (Tex.Civ.App., 1966); Poole v. Southern Ry. Co., 250 S.C. 213, 157 S.E.2d 175 (1967). The Court also refused to submit allegations of negligence on the part of the defendant in failing to sound a whistle or ring the bell for the reason that the same were not applicable to the situation at hand when the car in which plaintiff was riding struck the end car (caboose) of a 33-car train in the process of moving over the crossing. Butters v. Chicago, M. St. P. & Pac. Ry., 214 Iowa 700, 243 N.W. 597 (1932).

█ It is well established in Iowa that it is not for the Court to determine "whether the crossing in question was in fact extraordinarily hazardous so that some warning beyond the statutory requirements was called for, but only to say whether there was substantial evidence from which a jury might so find." It " * * * is a question for the jury unless reasonable minds could reach only one conclusion from the evidence." Wickman v. Ill. Central R. Co., 253 Iowa 912, 917, 114 N.W.2d 627, 630 (1962); See also, C. B. & Q. R. R. Co. v. King, 337 F.2d 510 (8th Cir. 1964).

█ In the case at hand the Court is of the view that the crossing in question as a matter of law was not so extraordinarily hazardous as to require other than the standard warning device, consisting of the cross-buck, then in place. The terrain in the vicinity of the crossing was comparatively level, less than a 2% grade for a distance of 400 feet west of the crossing, the direction from which plaintiff approached; there was a clear unobstructed view of the crossing from a distance of approximately 980 feet west of the crossing, there were no trees, brush or buildings that would obstruct a view of the crossing. It was an ordinary railroad crossing, typical of thousands of others that exist in this and other states. It should also be noted that

the train was moving across the crossing while the auto approached from the west and continued to so move at the time it was struck by the auto. The moving train was itself a significant warning to approaching motorists. See, Linquist v. Des Moines Union Ry., 239 Iowa 356, 369, 30 N.W.2d 120 (1947).

## ORDER

It is therefore ordered that notwithstanding the verdict of the jury, the judgment thereon is vacated and judgment is hereby entered in favor of the defendant on plaintiff's claim. Costs are assessed to the plaintiff.

## APPENDIX A

### INSTRUCTION 7

Plaintiff alleges that defendant's conduct at the time and place in question was negligent in that it failed to give adequate warning of the presence of the train on the crossing, which crossing was such as to call for an additional signal such as flashing lights and a bell or gong.

In determining the adequacy or inadequacy of the warning devices at the crossing in question, you should take into consideration the kind of warning device maintained at the crossing consisting of the cross-buck, the warning devices maintained on the train when approaching the crossing, consisting of the whistle and bell, and the utilization of such devices by the defendant when approaching the crossing in question. You may also consider the approaches to the crossing, the condition of those approaches, the obstructions, if any, to the view of the crossing and tracks to the traveler, the location and amount of traffic traversing said crossing, diverting circumstances or the lack thereof and any other facts or circumstances which in the exercise of ordinary care for the protection and safety of travelers would require more adequate signal devices.

You are instructed that a railroad company is not required to install flashing lights and a bell or gong at every railroad crossing. Under ordinary conditions, the presence of a moving railroad car upon a crossing is adequate notice to a motorist approaching the crossing, so that the railroad need give no additional notice or warning of the danger. In this respect the defendant was not negligent in failing to provide flashing lights and a bell or gong unless the crossing was so unusually hazardous as to require such warning devices; that is, more hazardous than the ordinary railroad crossing on the streets, roads and highways of this state. In determining whether the crossing was unusually hazardous, you may consider the surrounding circumstances shown by the evidence, such as the amount and character of vehicular and other travel over the crossing; the extent and character of train movement; the character of the highway and crossing itself, including obstructions and limitations on visibility, if any; and the adequacy or inadequacy of the warning devices at the crossing in question. If you find that the crossing was more than ordinarily hazardous and in the exercise of reasonable care for the protection and safety of travelers upon the highway flashing lights and a bell or gong, in addition to the warning devices in existence, ought to have been provided, the defendant railroad in failing to do so, was guilty of negligence. On the other hand, the defendant was not negligent in failing to provide flashing lights and a bell or gong if the crossing was no more than ordinarily hazardous.