Herman **BEENKEN** et al., Plaintiffs,

v.

**CHICAGO AND NORTHWESTERN RAILROAD COMPANY** et al., Defendants.

No. 72–C–46–CR.

United States District Court, N. D. Iowa, Cedar Rapids Division.

Dec. 19, 1973.

John L. Butler, Eldora, Iowa, for plaintiffs.

C. W. Garberson, Cedar Rapids, Iowa, for defendants.

B. A. Webster and Brent B. Green, Des Moines, Iowa, for third party defendant.

ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant Trustees of Penn Central Transportation Company's resisted motion for their dismissal as defendants, filed November 13, 1973.

■ Defendant Trustees' motion for dismissal is apparently based on the defense provided in Fed.R.Civ.P. 12(b)(6), failure to state a claim upon which relief can be granted. In general, the court has broad discretion in ruling on a motion to dismiss, Nayer v. Robertshaw-Fulton Controls Co., 195 F.Supp. 704 (D.C., 1961), but dismissal should only be granted with care in order to avoid improperly denying plaintiff the opportunity to have his claim adjudicated on the merits, Dann v. Studebaker-Packard Corp., 288 F.2d 201 (C.A.6 1961). Also, in considering a Rule 12(b)(6) motion the court accepts as true all well-pled allegations of the complaint and construes them in the light most favorable to plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

■ Plaintiff's decedent was killed in the collision of the automobile in which he was riding with a train operated by defendant Chicago & Northwestern Railroad Company.[1] The particular boxcar which the auto struck was owned by the Penn Central Railroad, and plaintiff alleges the defendant trustees of the Penn Central were negligent in failing to equip this car with adequate warning

1.  Now known as Chicago & Northwestern Transportation Company.

devices such as reflectors, reflectorized tape or paint or lights. Defendant trustees move for summary judgment as to them on the ground that the law imposes no duty upon them to so equip the car, and therefore no cause of action in negligence can be made out as a matter of law. It is the court's view that this motion is well taken.

Plaintiff has not cited nor has the court been able to discover any statute or decision[2] which requires that railroad cars be equipped with warning devices as contended by plaintiff. The law seems clearly to negate any such duty.

The Interstate Commerce Commission has refused to require or recommend that Congress require the installation of warning devices on boxcars because of the expense involved, the questionable efficacy of such devices in preventing accidents and the availability of more effective monitory measures. Report of the Interstate Commerce Commission, Docket No. 33440, 322 ICC 1, 70, Prevention of Railway-Highway Grade-Crossing Accidents Involving Railway Trains and Motor Vehicles.

Defendants cite several cases holding that there is no duty upon the owners of boxcars to equip them with reflectors or similar warning mechanisms. See Gant v. Chicago & Northwestern Railroad Co., 306 F.Supp. 325 (D.C., 1969), and Music v. New York C. R. Co., 2 Mich.App. 467, 140 N.W.2d 567 (1967). Thus it is clearly established that defendants are not subject in law to the duty plaintiff seeks to impose upon them, and no claim of negligence is maintainable against them on this ground.

It is therefore

Ordered

Granted.

2. The cases cited by plaintiff in its resistance are not in point here. They deal with the duty of the railroad operating the train to give adequate warning to motorists at its crossings, and do not speak to any duty upon the owners of the individual boxcars to equip the cars themselves with warning devices.