**INNOVATIVE DIGITAL EQUIPMENT, INC., Plaintiff,**

v.

**QUANTUM TECHNOLOGY, INC., et al., Defendants.**

**No. C83–3675.**

United States District Court, N.D. Ohio, E.D.

Oct. 19, 1984.

James F. Koehler, Koehler & Fulton, Cleveland, Ohio, for plaintiff.

Patrick D. Quinn, Euclid, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This matter comes before the Court on Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b). For the reasons outlined below, this Court denies Defendants' Motion. In addition, Defendants' Motion for More Definite Statement is denied.

### I.

On September 9, 1983, Plaintiff Innovative Digital Equipment Inc. ("IDE"), an Ohio corporation, filed suit against Defendants Quantum Technology, Inc. ("Quantum"), a Michigan corporation, and Defendant Alfred C. Manfroni ("Manfroni"), a res-

ident of the state of Michigan. IDE sells computer interface cables and other computer products. In its complaint, Plaintiff alleged that Defendant Manfroni was an employee in the sales division of IDE between March 1982 and September 1982. Plaintiff additionally alleged that Manfroni executed a secrecy and no-competition agreement with IDE at the inception of his employment. Plaintiff alleges that upon his departure from IDE, Manfroni "was instrumental in the formation of Quantum Technology, Inc." The complaint claims that Manfroni and Quantum copied "the products designed by IDE and [also] copied IDE's catalogue utilizing the identical model numbers, pictures and product descriptions which IDE had assigned to said products. Hence, Plaintiff IDE claims Defendants converted and copied confidential and proprietary information belonging to IDE. Plaintiff seeks $12,000 in compensatory damages for the cost of having to produce a new catalogue of its products, $500,000 in compensatory damages for the loss of sales and damage to its business reputation and an additional $500,000 in punitive damages for Defendants' alleged conversion of property and interference in Plaintiffs' contractual relationship with a supplier. Furthermore, Plaintiff seeks a preliminary and permanent injunction ordering Defendants to cease and desist from utilizing customer lists, product and catalogue information belonging to Plaintiff. On November 8, 1983, Defendants filed a Motion to Dismiss and For More Definite Statement. On April 9, 1984, Plaintiffs filed a Brief in Opposition to the Motion to Dismiss.

### II.

#### A. 12(b)(1), 12(b)(2): **Lack of jurisdiction.**

Defendants move for dismissal on several grounds,[1] among them the asser-

---

**1.** It is true, as Plaintiffs assert, that Defendants have not complied with Local Rule 3.01 requiring a brief written statement of reasons in support of the motion and a list of the authorities on which he relies. Indeed, Defendants' Motion is so brief as to only make assertions with no

case authorities at all and no development of arguments. While Defendants' brief treatment of the Local Rule requirement is not grounds for denying Defendants' motion as Plaintiffs suggest, the cursory nature of Defendants' pleading made it difficult for this Court to as-

tion that this Court lacks both subject matter and personal jurisdiction and therefore the case should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). The Court will consider the jurisdiction challenges first because if jurisdiction is lacking, the Court cannot address the merits or sufficiency of the claim. *See, Holman v. Bd. of Education,* 388 F.Supp. 792 (E.D.Mich.1975).

■ As to the 12(b)(1) motion, Defendants mount a facial attack, alleging that the actual amount in controversy is less than the $10,000 jurisdictional amount. There is no attack made on the diversity of the parties. Although a party must satisfy the jurisdictional amount in controversy requirement, *Johnson v. Ford Motor Co.,* 354 F.Supp. 645 (N.D.Miss.1973), the complaint will not be dismissed (where the claim is made in good faith) unless it is a "legal certainty" that the claim is actually for less than the minimum amount. *Johnson,* 354 F.Supp. at 645; *Murray v. Vaughn,* 300 F.Supp. 688 (D.C.R.I.1969); *Sun Oil Co. v. Pfeiffer,* 1 F.R.D. 119 (D.C.Oklah.1939).

■ Plaintiffs have claimed $512,000 in compensatory damages and another $500,-000 in punitive damages. In determining the amount in controversy, the courts have used the "plaintiff-viewpoint" rule. This rule states that a claim's value is "the value to the plaintiff of the right which he in good faith asserts in his pleading that sets forth the operative facts which constitute his cause of action." Dobie, *Jurisdictional Amount in the United States District Court,* 38 Harv.L.Rev. 733 (1925). Specifically, this rule was adopted in a case very similar to the instant one. In that case, plaintiff sought to enjoin the activities of a competing business which it is claimed was interfering with it. *Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co.,* 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915). Hence, the value to Plaintiff of this action is at least $500,000

sess Defendants' arguments or make other determinations such as the level of contacts De-

for the loss of sales and damage to its business reputation, without considering punitive damages. Furthermore, Plaintiffs seek to recover $12,000 as compensatory damages for the cost of their new catalogue. In sum, Plaintiffs allege a claim whose value exceeds the jurisdictional amount.

■ In a challenge to personal jurisdiction, the plaintiff has the burden of making a threshold showing of jurisdiction. *Fisher v. First Nat. Bank,* 338 F.Supp. 525 (S.D. Iowa 1972), *app. dismissed,* 466 F.2d 511 (8th Cir.1972). Specifically, the plaintiff must establish *prima facie* an act by defendant which is within the ambit of the particular long-arm statute, *Ghazoul v. International Management Services, Inc.,* 398 F.Supp. 307 (S.D.N.Y.1975).

■ Ohio's long-arm statute is set out at Ohio Revised Code § 2307.382. The statute reads in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

\* \* \* \* \* \*

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered in this state.

\* \* \* \* \* \*

■ Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

fendant had in the state of Ohio.

Once again viewing the pleadings in the light most favorable to the non-moving party, Plaintiff IDE has established a *prima facie* case for jurisdiction. Plaintiffs allege that the theft and conversion of their catalogue and customer lists occurred upon defendant Manfroni's departure from IDE in Ohio. Furthermore, the contract at issue here was executed in Ohio. Additionally, IDE claims Quantum and Manfroni tortiously interfered with their business relationship with an Illinois supplier and customer. Given Manfroni's previous relationship with Plaintiffs and the thrust of the letter between Dennis Deal, Executive Vice President of Quantum, to Mr. Jerry Baker of IDE, Defendants can reasonably be expected to know that their actions might injure IDE. At the very least, this Court deems Defendants to have sufficient minimum contacts such that it does not offend "traditional motions of fair play and substantial justice," *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), to assert jurisdiction over Defendants. Since a state may assert jurisdiction over a nonresident who engages in a single isolated transaction in a state out of which a tort arises, *Eyerly Aircraft Co. v. Killian*, 414 F.2d 591 (5th Cir.1969), it is not manifestly unfair and unreasonable to expect Defendants to defend themselves in Ohio given Defendant Manfroni's past relationship and Quantum's business relationship with IDE.

B. 12(b)(6): **Failure to state a claim.**

■ Defendants' third ground for dismissal is that under Federal Rule of Civil Procedure 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted. In determining a 12(b)(6) motion, the court will look principally at the pleading. *Bowman v. Grolsche, Bierbrouwerij*

*B.V.*, 474 F.Supp. 725 (D.C. t. 1979). The standard for a well-pleaded complaint, as stated in Federal Rule of Civil Procedure 8(a)(2) is that the pleading "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief and whether relief can be granted on such a claim." *Davis v. Pasman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). More pointedly, the question is whether the Complaint with all the well-pleaded material facts taken as true and construed in the light most favorable to the plaintiff sets forth facts sufficient to state a legal claim. *Mackenzie v. International Union of Operating Engineers*, 472 F.Supp. 1025 (N.D. Miss.1979).

In the instant case, Plaintiff alleges that Defendant Manfroni, a former employee, breached an agreement protecting confidential information and subsequently went into business to compete against his former employer. Defendants copied the designs, customer lists and catalogues of the plaintiffs. Plaintiff notes in his Reply Brief to the Motion to Dismiss that such activities, assuming the facts pleaded by plaintiff are true, constitute violations of Ohio's deceptive trade practices act as set forth in Ohio Revised Code §§ 4165.01–4165.03.[2] At paragraph 10 of its complaint, Plaintiff states that a product manager for an Illinois computer supply corporation was confused when presented a Quantum catalogue and asked the Quantum representative present about the catalogue's similarility to IDE's catalogue. This incident if true would indicate that Defendants' activities did cause confusion in the minds of the public. Plaintiff is also correct that unauthorized use of customer lists and sales information has been a long-standing action in common law in Ohio. *See, e.g. John*

---

**2.** Ohio Revised Code § 4165.02 states in pertinent part:

A person engages in a deceptive trade practice when in the course of his business, vocation, or occupation, he:
(A) Passes off goods or services as those of another:
(B) Causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods and services;

(C) Causes likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another;

\*      \*      \*      \*      \*      \*

(H) Disparages the goods, services, or business of another by false representation of fact.

*T. Lloyd Laboratories v. Lloyd Bros. Pharamacists*, 131 F.2d 703 (6th Cir.1943).

■■■ Indeed, Plaintiff did not cite the Ohio Revised Code sections or the common law unfair trade practices action in his original Complaint. However, dismissal is not warranted simply because of failure to cite a particular legal theory. *See Bramlet v. Wilson*, 495 F.2d 714 (8th Cir.1974); *Thomas W. Garland, Inc. v. St. Louis*, 596 F.2d 784 (8th Cir.1979), *cert. den.* 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135. Instead, the Court is under a duty to examine whether any legal theory exists for recovery. *Garland*, 596 F.2d at 784. Furthermore, the Court may consider documents attached or submitted with the complaint, *O'Brien v. DiGrazia*, 544 F.2d 543 (1st Cir.1976), *cert. denied*, 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223, legal arguments in briefs, *United States General, Inc. v. Schroeder*, 400 F.Supp. 713 (E.D.Wisc.1975), and state statutes *Schwartz v. Commonwealth Land Title Ins. Co.*, 374 F.Supp. 564 (E.D. Pa.1974). In that light, this Court takes notice of the Ohio Revised Code sections in Plaintiff's Reply Brief and the arguments made therein. In addition, this Court's examination of the copies of the Quantum catalogue (Exhibit "A") and the IDE catalogue (Exhibit "B") attached to Plaintiff's Complaint leads to a finding that the Quantum catalogue could reasonably be confused in the mind of the public and is likely to confuse. Specifically, there is sufficient similarity in the pictures, descriptions of the products, layout of the catalogues and products themselves between the two catalogues. Hence, the Complaint is sufficient on its face to state a cause of action at least under ORC § 4165.02.

■■■ Motions to dismiss are not easily granted. *Pessin v. Keeneland Assoc.*, 45 F.R.D. 10 (E.D.Ky.1968). Courts disfavor 12(b)(6) motions because they deny a plaintiff an opportunity to press the merits of his claim. *Beeken v. Chicago & N.R. Co.*, 367 F.Supp. 1337 (N.D.Iowa 1973). In the instant case, this Court is reluctant to dismiss, given the inferences that can be fairly drawn from Plaintiff's complaint.

At the very least, Plaintiff has sufficiently outlined the time, place and circumstances of Defendants' alleged conduct which could lead to a cause of action; the complaint is not so vague that a claim cannot be discerned from it. *Dack v. Shanman*, 227 F.Supp. 26 (S.D.N.Y.1964).

For the foregoing reasons, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is denied.

### III.

■■■ Defendants move for an order directing Plaintiff to file a more definite statement, specifically explaining the duration and scope of the terms of the no-competition clause in the employment agreement Manfroni signed with IDE and a copy of Plaintiff's Exhibit "C," the letter from Dennis Deal to Jerry Baker. Plaintiffs have already sent a copy of Exhibit "C" (which Plaintiffs failed to attach to Defendants' copy of the Complaint) to Defendants in their Reply Brief so the Court no longer need address this item. As to the terms of Manfroni's employment contract, this Court is compelled to deny Defendants' Motion for More Definite Statement. Under Federal Rule of Civil Procedure 12(e), a motion for more definite statement is only proper when a party is unable to determine the issues he must meet. *Fischer & Porter Co. v. Sheffield Corp.*, 31 F.R.D. 534 (D.C.Del.1962). This Court finds it ironic that on the one hand Defendant claims that Plaintiff's Complaint "is so vague and ambiguous with respect to the aforementioned matters that defendants cannot reasonably be required to frame an answer" and on the other, files a motion to dismiss in the very same pleading. See *United States v. Metro Development Corp.*, 61 F.R.D. 83 (D.C.Ga.1973). At the very least, Defendants were able to discern enough from Plaintiff's complaint to assert that no legal claim was stated therein. Defendant should have filed a motion for more definite statement under Federal Rule of Civil Procedure 12(e) and only upon receiving and reviewing the requested statements filed a 12(b)(6) motion to dismiss. *See Porter v. Prentice*, 155 F.2d 967 (7th Cir.1946).

■ Furthermore, Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery. *McClanahan v. Mathews*, 292 F.Supp. 737 (E.D. Ky.1968). In the instant case, Defendant seeks an employment agreement. If, as Defendants allege, this document is in the sole possession of Plaintiff, Defendant can use the discovery rules (Federal Rules of Civil Procedure 26–37) to obtain that material. However, Defendants do not need to know the "duration and scope of that agreement" to file an answer with regard to the conversion and tortious interference claims.

■ Since motions for a more definite statement are not favored by the courts, *see Usery v. International Brotherhood of Teamsters*, 72 F.R.D. 581 (W.D.Okla.1976), and this Court finds no inherent vagueness in Plaintiff's complaint such that Defendant cannot file an answer, Defendants' Motion for More Definite Statement is denied.

## IV.

For the foregoing reasons, this Court denies Defendants' Motion to Dismiss and Motion for More Definite Statement.

IT IS SO ORDERED.