**Kyle J. McDOWELL, John Moncrief, and Bill D. Simerly, individually and as proper representatives of a class composed of employees of Clement Brothers Company, Inc., and International Union of Operating Engineers, Local 926**

v.

**CLEMENT BROTHERS COMPANY, Inc., and International Union of District 50, United Mine Workers of America.**

**Civ. A. No. 10426.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 10, 1966.

Robert L. Mitchell, Atlanta, Ga., for plaintiff.

Smith, Currie & Hancock, Atlanta, Ga., for defendant Clement Bros. Co., Inc.

Nall, Miller, Cadenhead & Dennis, Atlanta, Ga., for defendant union.

MORGAN, Chief Judge.

The plaintiffs in the instant action filed a complaint in the state court, alleging that the defendants conspired to require that all employees of defendant employer involuntarily become members of the defendant union, and that as a condition of employment with the defendant employer that all employees pay monthly dues to the defendant union. The plaintiffs further alleged that the defendant employer assisted and condoned the activities of defendant union's agents in soliciting members, and that such defendants entered into a collective bargaining contract which conditioned employment on membership in defendant union.

In their complaint the plaintiffs contend that such activity on the part of the defendants violates the Georgia "right to work" laws. Specifically, the plaintiffs contend that such activity violates Georgia Laws 54–804, 54–902, 54–903, 54–905, 54–906, and 54–907.

The case was removed to this Court and is presently before this Court on a motion to remand. Thus, the issue for our determination is whether the case is one which may be properly removed under Title 28, U.S.Code, Section 1441. The applicable portion of that section is as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed.

Thus, we must look to the statute which the parties opposing remand point to as conferring original jurisdiction upon the district court. Title 28, U.S.C., § 1337 is the "arising under any Act of Congress regulating commerce" statute which provides:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

There have been several federal court decisions which held that a claim arising under the Taft-Hartley Act could properly be removed from state to federal court under the provisions of 28 U.S.C. § 1337. Central Metal Products, Inc. v. International Union, 195 F.Supp. 70 (D.C.1961); Pocahontas Term. Corp. v. Portland Bldg. & Const. Trade Council, 93 F.Supp. 217 (D.C.1950).

It is important to note that neither of the above cases involved the applicability of Taft-Hartley and state "right to work" laws, and in each case the activity complained of was either arguably prohibited or protected by specific sections of Taft-Hartley. Thus, in the instant case, it is necessary to place the plaintiffs' complaint side by side with the Taft-Hartley statutes to determine whether the complaint alleges violations of the Act. In essence, the task is to determine whether the plaintiffs' claim arises under Taft-Hartley, and would therefore be removable under 28 U.S.C. § 1337.

At the possible expense of digressing, it is worthwhile to speculate why the defendants seek to remove under 28 U.S. C. § 1337, rather than under the "federal question" portion of 28 U.S.C. § 1441 (b). This is so, as it will place the task enumerated above clearly in focus.

Section 1441(b) provides for the removal of "Any civil action of which the *district courts* have original jurisdiction founded on a claim or right arising under * * *[the] laws of the United States shall be removable * * *" (emphasis added). Obviously, Taft-Hartley is a law of the United States, but under this law Congress has seen fit to create a National Labor Relations Board with original jurisdiction to hear cases arising under the Act. There are, of course, certain circumstances under which the Congress has conferred original jurisdiction upon the district courts in labor matters, such as under Section

301 of the Labor Management Relations Act. However, the instant case does not fall within the area of such circumstances, and the district court would not have original jurisdiction which is necessary for removal under 28 U.S.C. § 1441(b).

Thus, we are left with the question of whether the defendants can do under 28 U.S.C. § 1337 what they could not do under 28 U.S.C. § 1441(b). To answer this question, we must turn to the task of viewing the complaint in light of Taft-Hartley.

The Courts have long recognized that a complaint which reveals that the cause of action arises under Taft-Hartley does arise under such Act regardless of the meticulous effort of the pleader to avoid specific mention of such Act, and regardless of his contention that the cause of action is based solely on state law. Direct Transit Lines, Inc. v. The Local Union No. 406, International Brotherhood of Teamsters, 21 L.C. § 66, 774 (1952), aff'd 199 F.2d 89 (6 Cir. 1952; Pocahontas Term Corp. v. Portland Bldg. & Const. Trade Council, supra; Central Metal Products, Inc. v. International Union, supra.

The Court, in the *Direct Transit Lines* case above, set forth two criteria for determining whether or not a claim arises under the Taft-Hartley Act. First, whether the complaint set forth a controversy affecting interstate commerce, and, second, whether the Taft-Hartley Act prohibited the activities alleged in the complaint. The first criterion is met, as it is admitted that the controversy affects interstate commerce; thus, the decision in the instant case turns on a determination of whether the activity complained of violates the Act.

In support of their removal of the case, the defendants contend that, if true, the plaintiffs' allegations constitute a violation of Sections 8(a)1, 8(a)2, 8(a)3 and 8(b) (1) (A) of the Taft-Hartley Act. In general, the plaintiffs claim that their right to work is being abridged; specifically, they claim that the defendants conspired to require the plaintiffs to become members of the defendant union and that as a condition of employment with defendant employer that such employees be required to pay monthly dues to the defendant union. The plaintiffs further contend that the employer assisted and condoned the activity of the union in soliciting membership, and that the defendants entered into a contract which conditioned employment on membership in the defendant union.

What the plaintiffs' complaint boils down to is that the defendant employer and the defendant union worked together for a union shop and in the end entered into an agreement which provided for a union shop. Section 8(a)3 of Taft-Hartley makes it an unfair labor practice for an employer "by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." *However,* this section further provides that neither the above portion nor any law of the United States shall be construed as precluding an agreement between the employer and union which requires union membership as a condition of employment. Thus, it is obvious that entering into a union security agreement is not a violation of 8(a)3, nor can it be a violation of any other section of Taft-Hartley or of any other *federal* law.

Now, we must turn to Section 14(b) of the Taft-Hartley Act which provides that, "Nothing in this subchapter shall be construed as authorizing the execution of agreements requiring membership in a labor organization as a condition of employment in any State * * * in which such execution or application is prohibited by State * * * law." Note that this section does not create the "right to work" laws; rather, it merely provides that such laws are not precluded by the Act. In reality, such "right to work" laws are provided for by state law.

Thus, in a state such as Georgia which has a "right to work" law, a plaintiff's cause of action for violation of his right

to work does not arise under Taft-Hartley, but, rather, arises under state law. Taft-Hartley did not create the right to work; 14(b) merely stated that Taft-Hartley did not impair the state's right to create or maintain such law.

 Therefore, the right to work is a state-conferred right, and a violation of this right creates a cause of action which arises under state law rather than under the Taft-Hartley Act. Thus, as the complaint does not set forth a cause of action which arises under the Taft-Hartley Act, neither *Direct Transit Lines,* supra, nor the other cases cited in connection with removal under 28 U.S.C. § 1337, are applicable in the case presently at hand.

To recapitulate, for removal under 28 U.S.C. § 1337, the cause of action must arise "under any Act of Congress regulating commerce * * *" Previous courts have held that Taft-Hartley is such an act regulating commerce, but in the instant case, the plaintiffs' cause of action does not arise under Taft-Hartley, but, rather, arises under state law. Thus, removal under 28 U.S.C. § 1337 was improper and the case must be remanded to the state court.