Jimmy D. THOMPSON, Plaintiff,

v.

F. W. WOOLWORTH COMPANY, INC., et al., Defendants.

No. EC 72–99.

United States District Court,
N. D. Mississippi, E. D.

Dec. 4, 1972.

Billy J. Jordan, Thomas R. Mayfield, Columbus, Miss., for plaintiff.

L. F. Sams, Jr., of Mitchell, McNutt & Bush, Tupelo, Miss., for defendants.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on defendants' motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1) F.R.Civ.P. The

motion is based upon the contention that the complaint does not contain allegations of fact which will support the jurisdiction of the court. Specifically defendants contend that the allegations of the complaint as to the citizenship of the parties are insufficient to furnish a jurisdictional basis for the court.[1]

The court does not have jurisdiction of a civil action under 28 U.S.C.A. § 1332 (a)(1) unless the matter in controversy exceeds the sum or value of $10,000, exclusive of interests and costs, and is between citizens of different states.

The Supreme Court held in Robertson v. Cease (1878) 97 U.S. 646 at 649, 24 L.Ed. 1057:

> In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness in other parts of the record.

*See also,* McNutt v. General Motors Acceptance Corporation (1936) 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Amalgamated Ass'n, etc. v. Southern Bus Lines, 189 F.2d 219 (5th Cir. 1951).

■ The complaint in this action avers that "[T]he matter in controversy exceeds, exclusive of interest and costs, the sum of ten thousand dollars". The court finds that this averment as to the sum or value of the matter in controversy is sufficient to sustain the jurisdiction of the court as regards the amount in controversy.

■ The complaint, however, is deficient in the averment concerning the diversity of citizenship. The complaint correctly avers the citizenship of plaintiff in that the complaint states that plaintiff is a citizen of the State of Tennessee. However, the complaint does not contain sufficient averments as to the citizenship of defendants. The averment contained in the complaint that defendants, David Key and Mrs. Gladys George, "are residents of the Northern Judicial District of Mississippi" does not, in legal contemplation constitute an averment that each defendant is a citizen of Mississippi.

The United States Circuit Court of Appeals for the Fifth Circuit said in Delome v. Union Barge Line Company, (1971), 444 F.2d 225, at 233, "Standing alone, an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state".

■ The complaint avers that defendant, F. W. Woolworth Co., Inc., "is a corporation doing business in the Northern Judicial District of Mississippi". This averment is wholly insufficient to charge the citizenship of the corporate defendant. For the purpose of 28 U.S.C.A. § 1332, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. It is apparent that the complaint is insufficient in this regard.

The complaint does not affirmatively allege facts necessary to vest this court with jurisdiction of the action. Such being the case, the complaint is subject to dismissal because of lack of jurisdiction over the subject matter.

Accordingly, an order will be entered directing that this action shall stand dismissed for lack of jurisdiction over the subject matter, unless plaintiff shall within twenty (20) days from the date of the entry of the order file an amendment which contains allegations of fact necessary to support diversity jurisdiction.

1. The complaint alleges:
"The Plaintiff, Jimmy D. Thompson, is a citizen of the State of Tennessee. The defendant F. W. Woolworth Co., Inc., hereinafter referred to as Woolworth, is a corporation doing business in the Northern Judicial District of Mississippi. The defendants Key and George are residents of the Northern Judicial District of Mississippi."