**George A. MacKENZIE, Plaintiff,**

**v.**

**LOCAL 624, INTERNATIONAL UNION OF OPERATING ENGINEERS, Al Johnson Construction Co., R. H. Byrd, Business Agent, James H. Holloway, Business Agent, Clyde Kilpatrick, Business Agent, International Union of Operating Engineers, Defendants.**

**No. EC 78–217–S–O.**

United States District Court,
N. D. Mississippi, E. D.

June 4, 1979.

George A. MacKenzie, pro se.

Charles T. Sykes, Jr., Gulfport, Miss., for Unions.

Taylor B. Smith, Threadgill & Smith, Columbus, Miss., for defendant Al Johnson Construction Co.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

I.

Plaintiff brings this action, pro se, against defendants International Union of Operating Engineers (I.U.O.E.), Local 624 of the International Union of Operating Engineers (Local 624), Al Johnson Construction Company (Company), R. H. Byrd, James Holloway and Clyde Kilpatrick.[1] Plaintiff asked the court for permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which was denied by the court on December 3, 1978. The complaint charges the defendants with "illegal blacklisting, refusal to refer, conspiracy to deny employment, illegal hiring monopoly by unions, coercive and illegal means of collecting dues, initiation fees and service fees, use of Federal Funds to further the aims of unions, breach of contract, breach of collective bargaining contract, contempt for known and established laws and judicial decision, violations of State and Federal Right to Work laws, violations of National Labor Relations Act, violations of Labor Management Reporting and Disclosure Act, and other State and Federal Laws." To support these alleged violations, the complaint sets forth the following factual allegations.

Plaintiff was employed from October to December, 1974, as a crane operator by a company conducting work on the construction of the Tennessee-Tombigbee Waterway Project (hereafter "Waterway Project"). While employed as a crane operator, plaintiff paid $5.00 each week to the union, but was not permitted to become a member. Subsequently, he was involved in an accident while operating a crane and was laid off from work. After his layoff, plaintiff contacted Local 624 asking for a referral to another job but was never referred. In an effort to obtain employment, plaintiff also contacted various construction companies performing work on the Waterway Project, but each company told him that they would not hire him unless the union referred him for employment.

In August 1977, plaintiff called defendant Kilpatrick and asked if his earlier accident was preventing him from being referred for work. Defendant Kilpatrick told plaintiff that the accident did not affect his chances of being referred for work and assured him that his name would be placed on the out-of-work list.

---

1. Defendants Byrd and Holloway are the Business Agent and Assistant Business Agent, respectively, of Local 624. (See Answer filed on December 12, 1978, by defendant Local 624, Byrd and Holloway.)

Plaintiff identifies defendant Kilpatrick as a Business Agent, presumably of Local 624. Defendant Kilpatrick has not filed an answer and the record does not clearly show that the process served for defendant Kilpatrick was sufficient.

The record does not show that process was served on defendant I.U.O.E., therefore that defendant is not before the court.

In the complaint, defendant states "[o]ther co-defendants may be named later to make this a class action. . . ." For the reasons given in Part III, infra, the court finds that this case may not proceed as a class action.

In August, 1978, plaintiff asked defendant Holloway, who had become Business Agent for Local 624, if the accident prevented him from being referred for work and whether Local 624 was intentionally refusing to refer plaintiff for work. Defendant Holloway stated that the accident did not affect his eligibility for work-referral, and denied that the union was refusing to refer plaintiff.

In October, 1978, plaintiff asked defendant Company for a job as a crane operator and was told by the Company's project manager that he had been having difficulty retaining crane operators but that plaintiff could be hired only if the union referred him for employment. The Company's project manager called defendant Holloway and then told plaintiff that he would be called when a crane operator was needed. Plaintiff states that he never received a call.

On October 24, 1978, plaintiff mailed a letter to defendant Byrd, reciting the difficulty plaintiff had experienced in obtaining a job referral from the union and accusing the union of violating various laws by refusing to refer plaintiff for a job. On October 25, 1978, defendant Holloway called plaintiff and told him that he was being referred for work with defendant Company. On October 26, 1978, plaintiff picked up his referral slip and reported to work with defendant Company. Plaintiff was placed on a type of a crane that he had never operated and which had numerous mechanical defects. After operating the crane for about six hours, a supervisor of defendant Company told plaintiff that he did not think plaintiff could perform the work and then fired him.

Upon this factual background, plaintiff makes the following allegations: (1) Defendant Local 624 refused to refer plaintiff for work because plaintiff was not a member of the union; (2) defendant Local 624 has not allowed plaintiff to become a member of the union; (3) defendant Company will not hire anyone unless the applicant for employment is referred to the Company by Local 624; (4) defendants Company and Local 624 have conspired to justify Local 624's refusal to refer plaintiff for work; (5) defendant Local 624 has breached a contractual relationship existing between it and plaintiff; (6) defendants Local 624 and Company have conspired to violate the collective bargaining agreement existing between them by allowing unqualified employees to operate heavy equipment, including cranes; (8) before defendant Local 624 will refer an applicant for employment for work, the applicant must agree to give the employer permission to deduct from the applicant's paycheck a service fee which is given to Local 624; and (9) by placing final authority for hiring in defendant Local 624, defendants Local 624 and Company have created a "closed shop".

Plaintiff alleges that this conduct violates the following state and federal statutes: Sections 8(b)(1), (2), and 14(b) of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(1), (2), 164(b); Sections 101 and 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 411, 412 and Miss. Code Ann. § 71–1–47 (1972). Plaintiff cites these same statutes, except Section 14(b) of the National Labor Relations Act, 29 U.S.C. § 164(b), for the purpose of showing that this court has jurisdiction over the action. No other statutes are cited even though plaintiff alleges that defendants have violated "other State and Federal Laws".

## II.

Separate motions to dismiss have been filed by defendant Company and by defendants Local 624, Byrd and Holloway (hereafter sometimes referred to as "the Labor Defendants"). Each motion seeks dismissal of the complaint. Defendants argue that dismissal is warranted under Fed.R.Civ.P. 12(b)(1) because the court lacks jurisdictions over the subject matter covered by the particular statutes, or that dismissal should be ordered pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff has failed to state a claim under the particular statutes upon which relief can be granted.

Since defendants rely on the same grounds for dismissal and since their arguments are similar, the court will examine each statutory provision first to determine whether it has jurisdiction over the subject matter, and if jurisdiction exists, then to determine whether plaintiff has stated a claim upon which relief can be granted. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1350 at 548 (1969).

■ In considering the motion to dismiss under Rule 12(b)(1),

> [T]he complaint will be construed broadly and liberally, in conformity with the principle set forth in Rule 8(f), . . .
> [T]he pleading will be read as a whole with any relevant specific allegations found in the body of the complaint taking precedence over the formal jurisdictional allegation and all uncontroverted factual allegations being accepted as true. . .
>
> . . . . .
>
> The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. If jurisdiction is based on diversity of citizenship, real and complete diversity must be shown; if it is based on a federal question, the pleader need show that he has alleged a claim under federal law and that the claim is not frivolous.

*Id.* § 1350 at 551–52, 555–56. (footnotes omitted).

In considering the motion to dismiss under Rule 12(b)(6),

> [T]he complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. The court's inquiry is directed to whether the allegations constitute a statement of a claim under Rule 8(a). . . .
>
> . . . . .
>
> The test most often applied to determine the sufficiency of the complaint was set out in the leading case of *Conley v. Gibson* [355 U.S. 41, 2 L.Ed.2d 80, 78 S.Ct. 99 (1957)] in which the Supreme Court stated that
>
>> in appraising the sufficiency of the complaint we follow, of course, the ac-

cepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

> The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief.

*Id.* § 1357 at 594, 600–601. (footnotes omitted).

A.

■ Section 101 of the Labor Management and Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411, establishes a "Bill of Rights" for members of the labor organization, provides that the dues, initiation fees and assessments of members of labor organizations may be increased only in accordance with the procedures established therein, protects the right to sue of members of labor organizations and establishes certain procedural safeguards for members of labor organizations. Section 102 of the LMRDA, 29 U.S.C. § 412, gives to any person guaranteed the rights and safeguards established in Section 101, 29 U.S.C. § 411, the right to bring a civil action against a labor organization for any alleged violation of the provisions of Section 101, 29 U.S.C. § 411 and also provides that such civil actions may be brought in a district court of the United States. It is clear from a reading of Section 101, 29 U.S.C. § 411, that only a "member" of a "labor organization" is entitled to the rights and safeguards established therein, and that Section 102, 29 U.S.C. § 412 confers on a district court subject matter jurisdiction over an action alleging violation of Section 101, 29 U.S.C. § 411, only when that action is brought by a "member" of a "labor organization" against a "labor organization".

■ The court finds that defendant Company is not a "labor organization" as that term is defined in Section 3(i) of the LMRDA, 29 U.S.C. § 402(i), therefore Section 102 of the LMRDA, 29 U.S.C. § 412,

does not confer subject matter jurisdiction on this court to hear plaintiff's claim that defendant Company has violated the provisions of Section 101 of the LMRDA, 29 U.S.C. § 411. *See Miller v. Holden*, 535 F.2d 912, 914 (5th Cir. 1976); *Thompson v. New York Central R.R.*, 361 F.2d 137, 145 (2d Cir. 1966).

█ Plaintiff does not allege in the complaint that he is a member of Local 624. The only statement made regarding membership in a union appears in paragraph 5 which reads in part: "During this period [plaintiff] paid a $5.00 weekly fee to the union, but was not allowed to become a member." Interpreting the allegations of the complaint most favorably to the plaintiff, the court finds that plaintiff has not shown that he is a "member" of a "labor organization" as that term is defined in Section 3(*o*) of the LMRDA, 29 U.S.C. § 402(*o*). Since Section 102 of the LMRDA, 29 U.S.C. § 412 does not provide persons who are not members of a labor organization with a cause of action for alleged violations of Section 101 of the LMRDA, 29 U.S.C. § 411, the court finds that it does not have subject matter jurisdiction over plaintiff's claim that the Labor Defendants have violated Section 101 of the LMRDA, 29 U.S.C. § 411. *See Moynahan v. Pari-Mutual Employees Guild of California, Local 280*, 317 F.2d 209, 209–11 (9th Cir. 1963); *Vincent v. Plumbers and Steamfitters Local No. 198*, 409 F.Supp. 206, 210–12 (M.D.La.1976).

B.

█ Defendant Company and the Labor Defendants argue in their respective motions that this court does not have jurisdiction to hear plaintiff's claims that the defendants have violated Section 8 of the National Labor Relations Act (NLRA) 29 U.S.C. § 158,[2] because such claims may only be brought before the National Labor Relations Board.

Section 8(a) of the NLRA, 29 U.S.C. § 158(a), and Section 8(b) of the NLRA, 29 U.S.C. § 158(b), define those actions which are unfair labor practices for an employer and a labor organization respectively. In *San Diego Building Trades Counsel v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 2 L.Ed.2d 775 (1959), the Court held:

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. . . .
>
> . . . . .
>
> When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be adverted.

359 U.S. at 244, 245, 79 S.Ct. at 779, 780, 3 L.Ed.2d at 782, 783.

This holding, known as the preemption doctrine, has been affirmed and explained in subsequent cases by the Court. *E.g., Sears, Roebuck and Co. v. Carpenters*, 436 U.S. 180, 187–88, 98 S.Ct. 1745, 1752–53, 56 L.Ed.2d 209, 219–20 (1978); *Farmer v. Carpenters*, 430 U.S. 290, 295–301, 97 S.Ct. 1056, 1060–64, 51 L.Ed.2d 338, 347–50

---

**2.** In the complaint, plaintiff cites only Section 8(b)(1), (2) of the NLRA, 29 U.S.C. § 158(b)(1), (2). These subsections define "unfair labor practices for a labor organization." Plaintiff has not cited Section 8(a) of the NLRA, 29 U.S.C. § 158(a), which defines "unfair labor practices for an employer." Defendant Company argues that since it is an "employer" and not a "labor organization" as those terms are defined in the NLRA, 29 U.S.C. § 152(2), (5), no claim of unfair labor practices is alleged against it under Section 8(b)(1), (2) of the NLRA, 29 U.S.C. § 158(b)(1), (2), because those subsections do not apply to an employer. Since plaintiff could easily amend the complaint to plead the proper statutory provisions, and since the failure to plead the proper statutory provision does not affect the court's finding that it does not have subject jurisdiction over all claims arising under Section 8, *infra*, the court will not address this somewhat technical argument advanced by defendant Company.

(1977); *Motor Coach Employees v. Lockridge*, 403 U.S. 274, 285–91, 91 S.Ct. 1909, 1917–20, 29 L.Ed.2d 473, 482–85 (1971).

To the extent that plaintiff is claiming that the defendants' alleged conduct constitutes unfair labor practices under Section 8 of the NLRA, 29 U.S.C. § 158, the court finds that it does not have jurisdiction to hear such claims and that those claims must be presented to the National Labor Relations Board.

Defendant Company's and Labor Defendants' respective motions to dismiss the claims made by plaintiff under Section 8 of the NLRA, 29 U.S.C. § 158, because this court does not have jurisdiction over the subject matter are well taken and will be sustained.

**C.**

Defendant Company and the Labor Defendants argue in their respective motions for dismissal of plaintiff's allegations that the defendants have violated § 14(b) of the NLRA, 29 U.S.C. § 164(b) and Mississippi's "right to work" law, Miss. Code Ann. § 71–1–47 (1972). Defendants contend that plaintiff's allegation that defendants have discriminated against him by refusing to refer him for work because he is not a member of the union, actually constitutes a claim of an unfair labor practice under Section 8 of the NLRA, 29 U.S.C. § 158 and therefore is within the exclusive jurisdiction of the NLRB. Defendant Company argues in the alternative, that if plaintiff's claims under Section 14(b) and Miss. Code Ann. § 71–1–47 (1972), are not within the exclusive jurisdiction of the NLRB, this court still does not have jurisdiction over them because jurisdiction is vested in the state courts of Mississippi.

 The court agrees with defendants that plaintiff's allegations that the defendants have discriminated against him by re-

fusing to refer him for work because he is not a member of the union, arguably constitutes a claim of an unfair labor practice under Section 8(a)(3) and (b)(2) of the NLRA, 29 U.S.C. § 158(a)(3) and (b)(2) and therefore is within the exclusive jurisdiction of the NLRB. However, that is not the only claim made by plaintiff under Section 14(b) and Miss. Code Ann. § 71–1–47 (1972).

 Plaintiff also alleges that before an applicant for employment will be referred for work, the applicant must agree to permit the employer to deduct a designated amount from his paycheck which is then sent to the union. Although the complaint is not clear, it appears that plaintiff alleges that this arrangement constitutes an "agency shop"[3] and as such violates Section 14(b) and Miss. Code Ann. § 71–1–47 (1972). While such an allegation may constitute a violation of Mississippi's "right to work" law, *see Retail Clerk's International Association v. Schermerhon*, 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179 (1963), plaintiff has failed to allege a jurisdictional basis for this court to hear such a claim. The court does not agree with defendant Company that such a claim can be heard only in Mississippi's courts. The court has found cases where a claim alleging violation of a state's "right to work" law has been brought in a federal district court under 28 U.S.C. § 1332 (diversity of citizenship). *Associated General Contractors v. Otter Tail Power Co.*, 457 F.Supp. 1207, 1211 (D.N.D.1978), or under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *Oil Chemical and Atomic Workers, International Union AFL–CIO v. Mobil Oil Corporation*, 426 U.S. 407, 410, 96 S.Ct. 2140, 2142, 48 L.Ed.2d 736, 740 (1976); *Laborers' International Union of North America, Local No. 107 v. Kunco, Inc.*, 472 F.2d 456, 457 (8th Cir. 1973); *Chapman v. Southeast Regional I. L. G. W. U. Health & Rec. F.*, 265 F.Supp.

---

**3.** "An 'agency shop' agreement generally provides that while employees do not have to join the union, they are required—usually after 30 days—to pay the union a sum equal to the union initiation fee and are obligated as well to make periodic payments to the union equal to

the union dues." *Oil Chemical and Atomic Workers, International Union AFL–CIO v. Mobil Oil Corporation*, 426 U.S. 407, 409 n.1, 96 S.Ct. 2140, 2141 n.1, 48 L.Ed.2d 736, 739 n.1 (1976).

675, 677 (D.S.C.1967).[4] However, plaintiff has failed to specifically allege that these statutes or any other statute provide this court with jurisdiction to hear the claims alleged under Mississippi's "right to work" law. From a reading of the complaint, the court cannot determine that jurisdiction exists under 28 U.S.C. § 1332 and although the complaint does accuse the defendants of "breach of [the] collective bargaining agreement", the court finds that this conclusory allegation is not sufficient for the court to hold that jurisdiction exists under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 for this court to hear plaintiff's claims that the defendants have violated Mississippi's "right to work" law.

For these reasons the court will sustain defendants' motions to dismiss plaintiff's claims that the defendants have violated Section 14(b) of the NLRA, 29 U.S.C. § 164(b) and Miss. Code Ann. § 71-1-47 (1972) on the ground that the court does not have jurisdiction over the subject matter.

III.

■ Plaintiff has submitted to the court a "Memorandum" wherein he requests that he be allowed to prosecute this action as a class action. Memoranda are not filed and do not become a part of the record. No motion for class certification has been filed with the clerk. Since plaintiff is proceeding pro se and is not a practicing attorney, the court has decided to have the "Memorandum" filed and to rule on the request.

Plaintiff seeks to represent a class consisting of

those individuals who have applied for work at companies engaged in constructing or working on projects on the Tombigbee Waterway and either been required to join or contact a union before being allowed to work.

Plaintiff cites his experience in working on the Waterway Project and his history of applying for work through the union hiring halls and directly with the various construction companies as factors which qualify him to represent the class defined above.

From a reading of the pleadings filed by plaintiff and the other papers submitted to the court, the court finds that plaintiff has not demonstrated that he could adequately represent a class. The court does not question plaintiff's experience in seeking and performing work on the Waterway Project, but it is apparent to the court that plaintiff does not possess the legal skills required to act on behalf of a class of persons. The court is aware that plaintiff has devoted time and effort to representing himself in this action but the tenacity and zeal which plaintiff brings on his own behalf are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class.

The court will deny plaintiff's request to prosecute this action as a class action.

IV.

■ Plaintiff has submitted to the court another "memorandum" dated March 27, 1979, to which is attached a letter dated January 15, 1979, addressed to plaintiff from Honorable Ronald M. Slatkin, Acting Director, Office of Appeals, Office of the General Counsel, National Labor Relations Board. The letter informs plaintiff of the denial of his appeal of the Regional Director's refusal to issue a complaint in an action filed with the NLRB by plaintiff.

Plaintiff states in the "Memorandum" that he wanted the court to know that he had presented his unfair labor practice claims under Section 8 of the NLRA, 29 U.S.C. § 158 to the NLRB and for the court to know of its ruling.

This information does not affect the court's ruling on defendants' motions to dismiss the claim made by plaintiff under Section 8 of the NLRA, 29 U.S.C. § 158. The refusal of the NLRB to issue a complaint does not vest this court with jurisdiction to hear the claims. If the decision by the

---

4. This court agrees with the holding in *McDowell v. Clement Bros. Co.*, 260 F.Supp. 817 (N.D.Ga.1966) that 28 U.S.C. § 1337 is not a jurisdictional basis for a federal court to hear a claim alleging violation of a state's "right to work" law because such a claim arises under that state law and not under Section 14(b) of the NLRA, 29 U.S.C. § 164(b).

Office of the General Counsel was a "final order", then plaintiff could have appealed that decision to the Court of Appeals. 29 U.S.C. § 160(f). Since the "Memorandum" and attached letter are not a part of the record, the court will forward them to the clerk for filing.

V.

In summary, the court finds that defendants' motion to dismiss the claims asserted by plaintiff under Sections 101 and 102 of the LMRDA, 29 U.S.C. §§ 411 and 412; Sections 8 and 14(b) of the NLRA, 29 U.S.C. §§ 158 and 164(b); and Miss. Code Ann. § 71–1–47 on the ground that the court does not have jurisdiction over the subject matter are well taken. The court believes that the record conclusively shows that the court lacks subject-matter jurisdiction over the claims asserted under Sections 101 and 102 of the LMRDA, 29 U.S.C. §§ 411, 412 and under Section 8 of the NLRA, 29 U.S.C. § 158, therefore plaintiff will not be given an opportunity to amend the complaint to show a jurisdictional basis for these claims. However, since plaintiff may be able to show that this court has jurisdiction to hear the claim raised under Mississippi's "right to work" law, Miss. Code Ann. § 71–1–47 (1972), plaintiff will be given 15 days to amend the complaint to assert a jurisdictional basis for this claim.

■ In the memoranda submitted to the court, plaintiff often cited cases brought against a union and/or employer under 29 U.S.C. § 185 and/or 29 U.S.C. § 159 alleging violation of the collective bargaining agreement and/or that the union failed to fairly and adequately represent all of the members of a bargaining unit. Although the complaint does state that "[a] contractural [sic] relationship existed between plaintiff and Local 624, and [that it] was breached by Local 624," this conclusory statement is not sufficient to support a finding that plaintiff has alleged a cause of action against the union for failure to adequately represent all of the persons in the bargaining unit. Plaintiff will be given 15 days to amend the complaint to add claims not already presented.

If plaintiff does not file an amended complaint within the 15-day period, the clerk will be directed to enter a final judgment dismissing this case with costs being taxed against plaintiff.

## APPENDIX A

### MEMORANDUM

#### Jan. 18, 1979.

Plaintiff supplies the following information in support of his request that the above numbered action be certified as a class action under Federal Rules of Civil Procedure 23(a), 28 U.S.C.A., or other appropriate rule.

Plaintiff has alleged that all or most of the companies performing work on the Tennessee-Tombigbee Waterway require a prospective employee to contact, join, and/or support unions *before* being allowed to work on projects funded by federal monies, and that this practice is illegal under state and/or federal laws.

Plaintiff has applied and/or worked at a minimum of five companies engaged in Waterway projects, over a four year period.

He has never been allowed to fill out an application for employment until after contacting or joining a union, with the exception of 1974 when he applied at Dunbar-Sullivan, Iuka, Mississippi, and one other time for a non-union company which he cannot name at this time, but is not one of the five companies mentioned above.

Plaintiff was present when an employee seeking work was told he would have to travel to Columbus and visit the Carpenter's Union in order to be considered for work at Al Johnson Construction Company.

Plaintiff has also had conversations with several individuals who are or have been employed as carpenters with Al Johnson. All have been required to join or contact the union as a *pre*-condition to employment, a direct violation of the intent and purpose of state and federal laws.

At various times, Plaintiff has been a member of Local 469 ·of the Ironworkers Union, Local 753 of the Teamsters Union,

Local 387 of the Carpenters Union, and has worked on permit through both Local 624 of the Operating Engineers and various locals of the Ironworkers Union, although he is not at present a member of any union.

The class Plaintiff seeks to represent consists of those individuals who have applied for work at companies engaged in constructing or working on projects on the Tombigbee Waterway and either been required to join or contact a union before being allowed to work.

The class cannot be estimated with any accuracy, but would number well above one hundred (100) and is too numerous to make joinder of all, or even a portion of the parties, practical.

Relief sought for the class is as follows:

1. Injunction prohibiting companies from requiring a union referral slip or contact with a union before future prospective employees are hired.
2. Injunction prohibiting the deduction or collection of service or initiation fees by the companies until the legality of the fees has been settled.
3. A refund of initiation fees, dues, or service fees to those members of the class who would not have voluntarily joined or supported the various unions if they were not led to believe that their employment was conditioned upon payment of such fees.
4. A declaratory judgment as to the legality of any existing contract or agreement between the various unions and companies engaged in work on the Tombigbee Waterway.

Should the Court require additional information regarding Plaintiff's qualifications to represent the class, based on his past experiences in applying for jobs on the Waterway, or with unions in general, this can be supplied either at the hearing January 25, 1979, or in writing if the Court so desires.

Respectfully submitted this 18th day of January, 1979.

/s/ George A. MacKenzie, Plaintiff

True and correct copies have this day been mailed to:

| Threadgill and Smith | Hon. Charles T. Sykes, Jr. |
| P. O. Box 1366 | P. O. Box 279 |
| Columbus, MS 39701 | Gulfport, MS 39501 |

APPENDIX B

MEMORANDUM

March 27, 1979.

Plaintiff has been remiss in not bringing to the attention of the Court the following information, which should have been made known earlier, since it may be of assistance in deciding on Defendant's Motion to Dismiss.

Plaintiff did lodge a complaint with the National Labor Relations Board on or about November 3, 1978. The Board declined to enter a complaint or to proceed beyond taking statements from Plaintiff (see attached letter dated January 15, 1979) and apparently taking statements from the Union. The attorney, Melvin Ford, refused to allow any attempt at action against the Al Johnson Construction Co. after taking my statement on November 14, 1978.

Be that as it may, the NLRB issued a complaint form alleging violations ONLY of Section 8(a)(1 & 3) against Al Johnson Construction Co., and Section 8(b)(1)(A) & (2) of the National Labor Relations Act, and the letter seems to indicate that the Board did not consider any actions against Plaintiff prior to the six months time limitations of the Act, although *Keene v. Local 624, 569 F.2d 1375* would seem to indicate that certain portions of the Act do allow action beyond a six month limitation period.

Plaintiff will not put forth his opinion of what the attached letter indicates beyond what has been said above, but wishes the Court to be aware of the attempt at allowing the Board to assert their authority through this complaint, and the lack of any action beyond the taking of statements.

Submitted this 27th day of March, 1979.

Respectfully submitted,

(s) George A. MacKenzie
Rt. 1 Box 123
Amory, MS 38821

I have this day mailed copies to the following:

Honorable Charles T. Sykes Jr.
P. O. Box 279
Gulfport, MS 39501

Honorable Taylor B. Smith
P. O. Box 1366
Columbus, MS 39701

January 18, 1979

Honorable Orma R. Smith, Sr.
United States District Judge
P. O. Box 1519
Corinth, MS 38834

RE: MacKenzie V. Local 624, et al, Civil Action No. EC 78–217–S–O

Dear Judge Smith:

Attached is a memorandum objecting to the interrogatories which have been propounded by Mr. Sykes on behalf of Local 624. If the form of this objection is incorrect, I apologize.

I have today received your order requiring my reply memorandum by January 23, 1979, and will attempt to have it in your hands no later than the 22nd.

Also attached is a memorandum setting out my qualifications or experiences which I feel make this a proper case for certification as a class action, or as an alternative, allow any benefits derived to be passed on to others who might have been affected by the practices alleged in my complaint.

The manner in which the benefits might be circulated are outlined in a report on Judge Keady's ruling in Civil Action No. EC–78–48–K–P, which appeared in the *Tupelo Journal*, December 20, 1978, in which Judge Keady is quoted as saying "in the event plaintiff prevails, any injunctive relief obtained in this court will inure to the benefit of any similarly situated landowner who is not joined in this action." Judge Keady was reported to have refused class action certification because the number involved was too small.

Thank you for your consideration.

Sincerely,

(s) George A. MacKenzie
Rt. 1 Box 123
Amory, MS 38821

P.S.

Also enclosed is brief of 12–29–78 in opposition to Original Motion to Dismiss. Additional memorandum will be filed as above.

---

# NATIONAL LABOR RELATIONS BOARD

[SEAL] | OFFICE OF THE GENERAL COUNSEL

Washington, D.C. 20570

January 15, 1979

Re: Local 624, International Union Operating Engineers (Al Johnson Construction Company) Amory, Mississippi Case No. 26–CB–1433

Mr. George MacKenzie
Route 1, Box 123
Amory, Mississippi

Dear Mr. MacKenzie:

Your appeal from the Regional Director's refusal to issue complaint in the captioned case has been carefully considered.

The appeal is denied. The evidence reveals that the union referred you to job sites three times within the 6-month time limitations of the National Labor Relations Act. Although you would have desired more referrals, the evidence does not show that the Union refused to refer you because you were not a union member. In fact, the evidence discloses that the Union referred a substantial

number of non-members from the out-of-work list to jobs within the Luka, Mississippi area.

Accordingly, further proceedings were deemed unwarranted.

Very truly yours,

John S. Irving
General Counsel

By Ronald M. Slatkin
Ronald M. Slatkin
Acting Director
Office of Appeals

cc: Director, Region 26
Local 623, International Union, Operating Engineers, 1328 Highway 80 West, Jackson, Mississippi 39204
Charles T. Sykes, Jr., Esquire, P. O. Box 279, Gulfport, Mississippi 39501
Al Johnson Construction Company, 1700 Northwestern Financial Center, Minneapolis, Minnesota 55431