CANAMCO SERVICES AND SUPPLIES, INTERNATIONAL, INC., Plaintiff,

v.

Roger CROOKS, Defendant.

Civ. A. No. S85–0749(NG).

United States District Court, S.D. Mississippi, S.D.

June 18, 1986.

274

Mayer W. Perloff, Mobile, Ala., Roy W. Pike, Pascagoula, Miss., for plaintiff.

John A. Banahan, Pascagoula, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court does not have jurisdiction of this action under 28 U.S.C. Section 1332 unless (1) the matter in controversy exceeds the sum or value of $10,-000.00, exclusive of interests and costs, and (2) there is complete diversity between the parties. The issue for decision presented by the instant motion concerns the second requirement, specifically whether the allegations of the Complaint as to the citizenships of the parties are sufficient to furnish a jurisdictional basis for the Court.

The Complaint in this action contains the following jurisdictional allegations:

Plaintiff is a corporation incorporated under the laws of the State of Texas, having its principal place of business in Harris County, Texas. The Defendant is an individual residing in Gulfport in the State of Mississippi. The matter in controversy exceeds, exclusive of interest and cost, the sum of Ten Thousand ($10,-000.00) Dollars.

In support of his Motion, Defendant has filed an affidavit which states that although he operates a business and maintains a house in Gulfport, Mississippi, he is a citizen of Texas. Plaintiff has submitted no response in opposition to Defendant's Motion.

It is well established that the party invoking federal jurisdiction bears the burden of proof if diversity is challenged. *Kizer v. Finance America Credit Corp.*, 454 F.Supp. 937 (N.D.Miss.1978); *Village Fair Shopping Center v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir.1979); *Mac-Kenzie v. Local 624, International Union of Operating Engineers, Etc.*, 472 F.Supp. 1025 (N.D.Miss.1979). Here, the Plaintiff has attempted to invoke federal jurisdiction by alleging that the Defendant is "an individual residing in Gulfport, in the State of Mississippi". An allegation of residency, however, does not satisfy the requirement of an averment of citizenship. *Neeley v. Bankers Trust Co. of Texas*, 757 F.2d 621, n. 18 at 634 (5th Cir.1985); *Thompson v. F.W. Woolworth Company, Inc.*, 352 F.Supp. 1032 (N.D.Miss.1972). The Court must therefore conclude that the Plaintiff's pleading has failed to establish diverse citizenship. Consequently, the Complaint should be dismissed because of lack of jurisdiction over the subject matter.

A separate Order will be entered accordingly.