**KREOLE BOATS, INC., Plaintiff,**

v.

**Jerry W. TAYLOR, Defendant.**

**Civ. A. No. S86–0162(NG).**

United States District Court, S.D. Mississippi, S.D.

Dec. 18, 1986.

---

K.C. McLeod, III, Kreole Boats, Inc., pro se.

Jerry L. Hutcherson, Pascagoula, Miss., for defendant.

## MEMORANDUM OPINION

GEX, District Judge.

This matter is before the Court on Defendant's Motion to Dismiss for lack of jurisdiction over the subject matter, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court does not have jurisdiction of this action under 28 U.S.C. Section 1332 unless (1) the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and cost, and (2) there is complete diversity of citizenship between the parties. The issue for decision presented by the instant motion concerns the second requirement, specifically whether the allegations of the Complaint as to the citizenships of the parties are sufficient to furnish a jurisdictional basis for the Court.

The Complaint in this action alleges that the Plaintiff is a Mississippi corporation and that the individual Defendant "is an adult resident citizen of Waco, State of Texas, and may be served with process at the Moss Point City Jail, Main Street, Moss Point, Mississippi."[1] Defendant's motion avers that each of the parties are citizens of the State of Mississippi.[2]

It is well established that the party invoking federal jurisdiction bears the bur-

1. Complaint, p. 1.

2. The Court notes that the return of service indicates that the Complaint was served on the

den of proof if diversity is challenged. *Kizer v. Finance America Credit Corp.*, 454 F.Supp. 937 (N.D.Miss.1978); *Village Fair Shopping Center v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir.1979); *MacKenzie v. Local 624, International Union of Operating Engineers, Etc.*, 472 F.Supp. 1025 (N.D.Miss.1979). The Plaintiff has not responded to the instant motion as required under Rule 8 of the Uniform Local Rules of this Court. Having failed to avail itself of an opportunity to demonstrate diversity of citizenship between the parties, the Court must conclude that the Plaintiff's pleading is deficient and that the Complaint should be dismissed without prejudice because of lack of jurisdiction over the subject matter.

A separate Order will be entered accordingly.

Defendant at the Pascagoula, Mississippi, Police Department.