UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL–CIO) and Frank Fiano, in his *official capacity* as Trustee of Tile Finishers Union, Local No. 88 of the Tile, Marble, Terrazzo, Finishers, Shopworkers and Granite Cutters International Union (AFL–CIO), Plaintiffs,

v.

TILE HELPERS UNION LOCAL 88, a/w Bricklayers and Allied Crafts International Union; Tile Finishers Union, Local No. 88 of the Tile, Marble, Terrazzo, Finishers, Shopworkers and Granite Cutters International Union (AFL–CIO); John Storey; William Gunther; Charles McKenna and Charles Hill, Defendants.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL–CIO), Plaintiff,

v.

COMPACT LABOR CLUB OF MARBLE WORKERS, HELPERS, RIGGERS, CRANE AND DERRICK MEN OF NEW YORK CITY AND VICINITY LOCAL NO. 10 OF THE TILE, MARBLE, TERRAZZO, FINISHERS AND SHOPWORKERS INTERNATIONAL UNION; Joseph G. Blake, Peter Nolan, Neil Colbert, Joseph Sullivan and Richard O'Sullivan, Defendants.

UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL–CIO), Plaintiff,

v.

WHITESTONE ASSOCIATION OF MARBLE POLISHERS, FINISHERS, RUBBERS AND SAWYERS OF GREATER NEW YORK AND VICINITY LOCAL NO. 1 OF THE TILE, MARBLE, TERRAZZO, FINISHERS AND SHOPWORKERS INTERNATIONAL UNION et al., Defendants.

Nos. 89 C 3290–89 C 3292.

United States District Court, E.D. New York.

June 26, 1990.

Cohen, Weiss and Simon (Jani K. Rachelson, of counsel), New York City, Jubelirer, Pass & Intrieri, P.C. (Joseph J. Pass, of counsel), Pittsburgh, Pa., for plaintiffs.

Vladeck, Waldman, Elias & Engelhard, P.C. (Seymour M. Waldman and Valerie Marcus, of counsel), New York City, Colleran, O'Hara & Mills (Edward J. Groarke, of counsel), Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

NICKERSON, District Judge:

These three related actions concern the disaffiliation of the local unions named as defendants from their previous parent, the Tile, Marble, Terrazzo, Finishers, Shopworkers and Granite Cutters International Union (AFL–CIO) (hereinafter the "Tile Workers"). After the defendant locals disaffiliated, the Tile Workers merged into plaintiff United Brotherhood of Carpenters and Joiners of America (AFL–CIO) (hereinafter the "Carpenters"). The Carpenters seek in this action to recover assets that the defendant local unions were obligated to turn over to the Tile Workers under the terms of the Tile Workers' constitution.

Jurisdiction is based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a); Section 501(b) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 501; and 28 U.S.C. §§ 1331 and 1337.

The defendant local unions have asserted as affirmative defenses that the Carpenters lack standing to bring these claims against them because (1) the merger of the Carpenters and the Tile Workers was brought about by an improperly adopted amendment to the Tile Workers' constitution; and (2) the Carpenters failed to inform the Tile Workers Executive Council before the merger of certain "imprudent" investments of Carpenters assets. The Carpenters move to strike these defenses, and add the Tile Workers as a plaintiff to these actions. In case No. 89 CV 3290, the Carpenters also seek to vacate the defendants' notice of deposition of their president, Sigurd Lucassen.

The complaints allege that the Tile Workers' constitution obliges each local to pay a per capita tax on behalf of each local member, and provides that if a local disaffiliates, the local's assets are forfeited to the Tile Workers. The complaints assert that the local defendants have not complied and conveyed their assets upon disaffiliation. Included in those assets, they claim, is the right, even after a local disaffiliates, to receive payment of covered employees' dues directly from those employers bound by a dues check-off provision in their collective bargaining agreements.

The complaints also allege that the merger of the two international unions was made pursuant to an Agreement of Affiliation dated November 10, 1988, under which all assets and claims of the Tile Workers became the assets and claims of the Carpenters. The Agreement also pro-

vided that the Carpenters "shall give full force and effect to Constitution of the Tile Workers in order to enforce their claims against disaffiliating local unions."

## I.

Under Federal Rule of Civil Procedure 12(f), the court may strike "any insufficient defense" from the pleadings. A defense is insufficient if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984) (citation omitted), *vacated and remanded on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). For purposes of the motion, the court assumes that defendants can prove the merger was made through an improperly adopted constitutional amendment, and that the Carpenters failed to disclose their "imprudent" investments to the Tile Workers Executive Council.

Plaintiffs argue that the defendants lack standing to challenge the merger. The court agrees.

Defendants concede that persons not members of a union normally lack standing to bring a claim against it for breach of its own constitution. *See, e.g., Lexington Cartage Co. v. International Brotherhood of Teamsters*, 109 L.R.R.M. (BNA) 3338, 3340 (E.D.Ky.1982) *aff'd* 713 F.2d 194 (6th Cir.1983) and *Moore v. Local 569*, 653 F.Supp. 767, 772 (S.D.Cal.1987). Similarly, persons who are neither parties to a particular contract nor beneficiaries under it cannot assert claims for its breach. *See County of Suffolk v. Long Island Lighting Co.*, 728 F.2d 52, 63 (2d Cir.1984).

Moreover, federal labor policy restricts outside interference with internal union matters. By deliberately striking provisions in early drafts of the Labor Management Relations Act and the Labor Management Reporting and Disclosure Act that regulated internal union decisionmaking, Congress has expressly declined to police matters such as affiliation decisions. *See NLRB v. Financial Institution Employ-*

*ees*, 475 U.S. 192, 204 n. 11, 106 S.Ct. 1007, 1014 n. 11, 89 L.Ed.2d 151 (1986). Non-union members "have no voice in the affairs of the union," *NLRB v. Allis–Chalmers Manufacturing Co.*, 388 U.S. 175, 191, 87 S.Ct. 2001, 2012, 18 L.Ed.2d 1123 (1967); they have no right to vote in an affiliation decision, *Financial Institution Employees*, 475 U.S. at 204, 106 S.Ct. at 1013–14, or in a merger decision, *United Retail Workers Union Local 881 v. NLRB*, 797 F.2d 421, 423 (7th Cir.1986). Nor may persons who have voluntarily withdrawn from union membership bring claims as "members" to enforce union democracy. 29 U.S.C. § 402(*o*); *see, e.g., MacKenzie v. Local 624*, 472 F.Supp. 1025, 1030–31 (N.D. Miss.1979).

Defendants say they raise this issue not as a counterclaim, but as a defense. This is a distinction without a difference. The same federal policies that prohibit these parties from challenging the merger directly preclude an indirect challenge.

Cases holding that employer may challenge a union's affiliation or merger as a defense to a refusal to bargain charge are inapposite. In an unfair labor practice case, a defective merger or affiliation relieves the employer of a present duty to bargain with a union no longer representative of the bargaining unit. *See NLRB v. Insulfab Plastics, Inc.*, 789 F.2d 961, 964–65 (1st Cir.1986). Here, the mere fact of a later merger, defective or valid, cannot relieve the local unions of obligations incurred under the Tile Workers' constitution at the time they disaffiliated.

The Supreme Court's decision in *NLRB v. Financial Institution Employees*, 475 U.S. 192, 106 S.Ct. 1007, 89 L.Ed.2d 151 (1986), cited by defendants, did not give outsiders standing to challenge union affiliations, in a defensive posture or otherwise. That decision expressly rejected the notion that an employer's uncertainty as to the continuity of the union relieves him of a duty to bargain; the employer must petition the National Labor Relations Board, not rely on union members' rights. *Id.* at 209, 106 S.Ct. at 1016–17.

Nor does *Clayton v. United Automobile Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) create a general right for outsiders to challenge union affiliation decisions. There, a discharged union member brought a § 301 action against his employer for breach of the collective bargaining agreement, and against his union for breach of its duty of fair representation. Both the union and the employer pleaded as an affirmative defense the union member's failure to exhaust internal union appeals procedures mandated by the union constitution. *Id.* at 683, 101 S.Ct. at 2092.

The Court found the union appeals process would not afford the discharged employee full relief, either by winning him reinstatement to his job or reinstatement of the grievance the union failed to press. *Id.* at 691–92, 101 S.Ct. at 2096–97. The Court noted, however, that where a collective bargaining agreement allows reinstatement of the grievance should the union appeals process reverse the union's initial decision, the employer would be able to assert the failure to exhaust internal union appeals as a defense to a § 301 suit. *Id.* at 691 n. 18, 692 n. 20, 101 S.Ct. at 2096 n. 18, 2097 n. 20.

This hypothetical bears no relation to the present matter. The employer may assert a breach of the union's internal rules only because the existing collective bargaining agreement between him and the union would give some effect to those rules. No one contends that the Tile Workers have a continuing obligation to give the defendant locals the benefit of the constitutional provisions once they have disaffiliated.

Moreover, in the *Clayton* hypothetical, the court's enforcement of internal union rules, by simply reactivating a grievance, would allow the union to cure any breach of its duty of fair representation, and that in turn would deprive the union member of a necessary precondition to a § 301 suit against the employer. *Id.* at 692 n. 21, 101 S.Ct. at 2097 n. 21. Here, a judicial determination that the merger was invalid would provide the local defendants with no substantive defense to their obligations under the Tile Workers' constitution. Unlike the *Clayton* rule, it would not advance any federal labor policy grounded in "statutory policies extending far beyond internal union interests," *id.* at 689, 101 S.Ct. at 2095, that is, the duty of fair representation.

The law of assignment likewise avails defendants naught. The general rule is that the right to contest the validity of an assignment may be asserted only by one who can raise the particular ground of contest in his own right. *See* 6A C.J.S. Assignments § 71 (1975). For example, no one but the assignor may question the validity of an assignment because of a fraud practiced upon him. *See Jennings v. Foremost Dairies, Inc.*, 37 Misc.2d 328, 235 N.Y.S.2d 566, 572 (Sup.Ct.1962). A debtor may question the validity of the assignment where he can show prejudice to himself, *Zurich Insurance Co. v. Grain Dealers Mutual Insurance Co.*, 169 So.2d 6, 9 (La.Ct.App.1964), as, for example, where he risks being subjected to the same liability by both the assignor and the purported assignee. *See Federal Deposit Insurance Co. v. Barness*, 484 F.Supp. 1134, 1150 (E.D.Pa.1980).

The allegations of constitutional improprieties or misrepresentations to the Tile Workers Executive Council are claims only Tile Workers members may raise. There is no risk here of duplicative recovery. Should the Tile Workers suddenly revivify as a result of another's challenge to the merger, they will be able to intervene or to recover against the Carpenters.

The defense as to misrepresentations made to the Tile Workers Executive Council falls for the same reasons as does the defense of constitutional improprieties. Without speculating as to whether the Carpenters were under a duty to disclose their investments to the Tile Workers under the rule of *Blanchard v. Johnson*, 388 F.Supp. 208 (N.D.Ohio 1975), the court notes that any duty owed would be to the Tile Workers members and not to the defendants. *Cf. Board of Trustees v. California Cooperative Creamery*, 877 F.2d 1415, 1422 (9th Cir.1989).

The defendants' other contention as to a purported admission by plaintiffs that

some named defendants are still members of the Tile Workers and the untimeliness of the motion to strike are without merit.

### II.

To avoid litigating these defenses, plaintiffs had proposed adding the Tile Workers as a named plaintiff, despite the complaint's allegation that that union no longer exists. The court declines this invitation to take up the interesting and perhaps metaphysical problem of when, if ever, it may be appropriate to add a non-existent union as a party. The capacity of merged or dissolved corporations to bring actions is usually governed by state statutes, and the parties have pointed to no analogous federal provision for dissolved labor organizations.

In any event, should the merger be undone in any other litigation, the Tile Workers will be entitled to reclaim whatever the Carpenters may gain from these actions.

### III.

The above-discussed defenses are stricken from the actions. The magistrate shall order discovery to proceed in all three cases accordingly. Plaintiffs' motion to add a party plaintiff is denied.

So ordered.