**Will and Annie KIZER, Plaintiffs,**

v.

**FINANCE AMERICA CREDIT CORPORATION et al., Defendants.**

No. WC 78–38–K.

United States District Court,
N. D. Mississippi, W. D.

Aug. 8, 1978.

938

Roosevelt Daniels, with North Mississippi Rural Legal Service, Holly Springs, Miss., for plaintiffs.

Nat G. Troutt, Senatobia, Miss., Thomas D. Murry, Tupelo, Miss., for defendants.

## MEMORANDUM OF DECISION

KEADY, Chief Judge.

The court has before it the motion of defendant Finance America Credit Corporation (FACC) to dismiss for lack of subject matter jurisdiction. FACC also contends that it is entitled to summary judgment as a matter of law; however, since both of said defendants' contentions attack the jurisdictional grounds alleged by plaintiffs, we shall treat the motion sub judice as one seeking dismissal for lack of subject matter jurisdiction on alternative grounds. See 5 Wright & Miller § 1350 (1969).

In this suit, plaintiffs, Will and Annie Kizer, seek $25,000 damages and cancellation of the contract of sale by which they purchased a mobile home from defendant Larry G. Mathis d/b/a Hernando Mobile Home Sales Company (Hernando), through Byhalia Mobile Home Sales Company (Byhalia), Hernando's sales outlet. The gravamen of the complaint is that plaintiff Will Kizer suffered severe emotional distress and physical anguish as a result of unfair collection tactics utilized by defendants. No factual allegation has been made which links defendant Hernando to plaintiffs' claim other than that payments and inquiries were made to said defendant.

Federal question jurisdiction is alleged under 28 U.S.C. § 1331 and the Debt Collection Practices Act (DCPA), 15 U.S.C. § 1692 et seq. even though it is manifestly clear that the DCPA provides an independent jurisdictional grant without regard to jurisdictional amount. See id. § 1692k(d). Therefore, plaintiffs' reliance upon § 1331 is mere surplusage since no federal rights other than those covered in DCPA are involved.

■ An additional jurisdictional allegation, i. e., diversity under § 1332, is also alleged; however, it appears from the face of the complaint that complete diversity of citizenship does not exist. Thus § 1332 cannot serve as a sufficient jurisdictional base for the complaint; and this action may be maintained in this court only if cognizable under DCPA.

■ We note initially that a plaintiff bears the unquestioned burden of establishing jurisdiction where the question of the sufficiency of his jurisdictional allegations is before the court on a motion to dismiss. See 5 Wright & Miller, supra, § 1350.

As to defendant's argument that the operative acts alleged took place before March 20, 1978, the effective date of the statute, we are of the opinion that it would be unjust to preclude maintenance of this suit by holding plaintiffs bound to their "on or

about" statements of time. This is particularly true when there is nothing before the court except the complaint and defendant's motion to dismiss.

■ FACC's second argument is, however, more persuasive: that this court lacks jurisdiction because it is not a "debt collector" within the meaning of DCPA, a statute having been operative for no more than four months. From research of counsel as well as by the court, no cases have been found which construe the scope of this statutory designation. The issue becomes one of first impression, and we turn to the clear guidance of the statutory language and legislative history which, we believe, are controlling. Section 1692a(6) provides:

> The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusions provided by clause (G) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purposes of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor . .
>
> (G) . . . to the extent [collection] activity . . . (iii) concerns a debt which was not in default at the time it was obtained . . . .

Moreover, § 1692a(4) states:

> The term 'creditor' means any person who offers or extends credit creating a

debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

Thus, it clearly appears that the "debt collectors" covered by DCPA are those who regularly collect debts for others and not creditors of consumers even though the debt is created between the consumer and a third person and subsequently assigned to a creditor such as FACC if such assignment is made before default. See 1977 U.S. Code Cong. and Admin. News p. 1695, at 1697–98.

■ From the record herein, it appears that the mobile home purchased by plaintiffs from Hernando was financed by FACC by the assignment of the retail installment contract to such defendant prior to any alleged default. Furthermore, it is manifestly clear that FACC does not collect or attempt to collect debts owed to another and that any collections made by it are made by its in-house employees under the name of Finance America Credit Corporation. Plaintiffs have totally failed to challenge these averments, but merely rely on the assertion that "the knowledge of whether the telephone call was made on March 20, 1978, or at a later date is a material issue in this case."

We conclude, therefore, that plaintiffs have wholly failed to meet their burden in response to defendant's motion and that, in view of the facts established herein, this court has no jurisdiction under DCPA. Moreover, since we have already concluded that neither § 1331 nor § 1332 provides a sufficient jurisdictional base for the maintenance of this action, sua sponte, we conclude that this action should be dismissed for lack of subject matter jurisdiction.

Let an order issue accordingly.