**Daniel TUTTLE, Plaintiff,**

v.

**EQUIFAX CHECK SERVICES, INC., Defendant.**

**No. 3:97 CV 1522 GLG.**

United States District Court, D. Connecticut.

June 10, 1998.

---

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for Danny Tuttle.

Patricia J-Leary Campanella, Christopher John Hug, Robinson & Cole, Hartford, CT, David L. Hartsell, Kilpatrick Stockton, Atlanta, GA, for Equifax Check Services, Inc.

### MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff has filed what he describes as a "First Motion in Limine." It is in fact a motion for partial summary judgment seeking a determination that defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o.

Certain of the facts are not in dispute. Defendant is in the check authorization and warranty business. It contracts with retail merchants to provide immediate check authorization to merchants when a customer pays by check. If defendant authorizes a check and it is later dishonored, it purchases the check from the merchant for full face value without recourse and then proceeds to collect on its own behalf.

In this case, plaintiff gave a $57.26 check at a store in Connecticut on February 9, 1997. Defendant authorized the check but when the check was dishonored, it purchased the check for full face value and began pursing collection. It did this by sending letters to plaintiff in February, March, and April of 1997 in which it sought payment on the check as well as a $20.00 "service charge." Plaintiff did not dispute the debt and paid both the check and the service charge. He now claims that the imposition of a $20.00 service charge is illegal under the FDCPA.

The FDCPA defines a debt collector as "any person who ... regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Fifth Circuit held in *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985), that the term "debt collector" does not include "an assignee of a debt, as long as the debt was not in default at the time it was assigned." To the same effect, *see Kizer v. Finance America Credit Corp.,* 454 F.Supp. 937, 939 (N.D.Miss.1978).

While neither party has offered any evidence on the issue, we can see the possibility that the determination of whether defendant was a debt collector in the present case might turn upon whether plaintiff thought he was issuing a good check as to which it later developed there were insufficient funds, or whether he knew when he gave the check to the merchant that there were no funds to cover it and was simply committing the crime of intentionally passing a bad check. If the check was knowingly bad *ab initio* then there was no "default" as such.

In addition, plaintiff relies on an offensive claim of collateral estoppel because of two decisions in other Districts some years

ago which found that defendant's predecessor (Telecredit Service Corp.) was a debt collector.[1] Defendant maintains that there has been a change in the facts which were essential to the prior judgment, *see United States v. Alcan Aluminum Corp.*, 990 F.2d 711, 719 (2d Cir.1993), without suggesting what facts have changed. It is clear, however, that when dealing with offensive collateral estoppel (i.e. plaintiff was not a party to the prior action), the Court has discretion to determine when it should be applied. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

Defendant argues that whether the FDCPA applies depends upon whether the debt arose out of an extension of credit. In this regard, there is a dispute between the Circuits. In *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167–69 (3d Cir.1987), the Third Circuit held that the FDCPA applies only to debts arising out of the offer or extension of credit to a consumer. Defendant notes that the check is equivalent to a cash payment rather than a credit arrangement. However, more recently, the Seventh Circuit in *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. 1997), rejected *Zimmerman* and cases following it, and concluded that even fraudulently written bad checks are covered by the FDCPA. This decision (although it contains a vigorous dissent equating the giving of a bad check with shoplifting) has been adopted by three other Circuits.[2]

More pertinent for our consideration is the fact that the Second Circuit has not dealt with the question, and in several cases in the District of Connecticut, Judges have held that bad checks do not fall within the scope of the FDCPA. Most pertinent of those cases is *Julian v. Equifax Check Services, Inc.*, No. 3:95–CV–1098 (AVC) (D. Conn. filed June 12, 1995), a case brought by this plaintiff's counsel against this defendant with respect to the same collection letter and issues concerning the service charge. Chief Judge Covello denied a motion for summary judgment finding that plaintiff had failed to produce sufficient evidence that there was no genuine issue of material fact concerning whether defendant is a debt collector under the FDCPA. *Id.* (Doc. No. 112) (decided Sept. 26, 1997). Judge Covello rejected the same collateral estoppel argument as is made by plaintiff here finding that plaintiff had failed to adduce sufficient facts concerning the similarity of the business of defendant at the time at issue in this case and when it did business under the name of Telecredit.

If we were writing on a clean slate, we would be inclined to hold that defendant is a debt collector under the meaning of the FDCPA, unless defendant can establish that plaintiff knew when issuing the check that there were no funds to cover it. (That was the position of the dissenting Judge in the *Bass* case, *supra* ). However, in light of the existing decisions in this District to which we give deference, we merely find that there are issues of fact precluding the granting of what amounts to a summary judgment motion at this time. (The case has already been scheduled for trial in August). Consequently the motion (Doc. No. 15) is **DENIED.**

---

1. Plaintiff claims that the "overwhelming majority of cases are in accord with the *Telecredit* cases," Pl.'s Mem. at 5, but a careful analysis of those cases does not support that claim.

2. *But see Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir.1998). *Hawthorne* involved a subrogee's collection efforts after an alleged tortfeasor was involved in an accident, in which the other party was damaged and its insurer paid its claim. Noting that a "debt" does not necessarily require an extension of credit, the Eleventh Circuit held that to trigger the FDCPA, an obligation to pay must arise out of a business dealing or a consentual or contractual arrangement. *Id.* at 1369. Because the alleged tortfeasor's obligation to pay arose from a tort, the court held that it did not constitute a debt under the FDCPA.